MALINDA E. DAGGS, Plaintiff in Error, v. JOHN HENRY SMITH et al.

**Division One, February 22, 1906.**

1. **APPELLATE PRACTICE:. Fraud:   No Exception to Finding.** Where one count of the petition is a suit for damages for fraud and conspiracy for placing a cloud on plaintiff's title, a finding of the trial court that there was no fraud, to which there was no exception, will not be considered on appeal.

2. ———: **Motion to Review:   Record Entries.** A motion to review a judgment should not be copied in full upon the record. That is a useless incumbrance of the record. The record should show the filing of the motion and the ruling of the court thereon; but the motion cannot be brought to the attention of the appellate court by being copied into the record proper; that can be done only by a bill of exceptions.

3. **JUDGMENT:   Unauthorized by Pleadings.** If a clause in the decree giving a personal judgment against   plaintiff for   the amount of her debt was not authorized by the pleadings in the case, which was a suit to set aside a sale under a deed of trust and permitting plaintiff to redeem, she cannot complain if she invited the error, and refrained from brining it to the attention of the court while the decree was yet in the control of the court.

4. ———: **Deed of Trust:   Personal Judgment:   Error Affecting Merits.** The appellate court will not reverse a judgment unless error was committed against appellant materially affecting the merits of the action. And where plaintiff sues to redeem property sold under a deed of trust, and in her petition alleges that the value of the land is more than twice the debt found to be due, and by her petition tenders into the court the money to pay off and discharge the debt, it cannot be seen how her rights were materially affected by the rendering of a personal judgment against her, in addition to foreclosing the mortgage lien, and permitting her to redeem within a time specified.

Error to Hannibal Court of Common Pleas.—*Hon. D. H. Eby,* Judge.

AFFIRMED.

*A. J. Daggs* for plaintiff in error.

(1)   This court will review the record proper in
any case brought to this court by a writ of error, and
correct it agreeable to law.  R. S. 1899, sec. 868; South
St. Joseph, etc., Co. v. Bretz, 125 Mo. 474; Richard v.
George, 34 Mo. 109; Railroad v. Lewright, 113 Mo. 660;
Railroad v. Carlisle, 94 Mo. 166; State ex rel. v. Scott,
104 Mo. 26; Lillie v. Menke, 28 S. W. 648.   (2)   The
findings of facts are not responsive to the facts set up
or responsive to the issues on the pleadings.   Loan
& Trust Co. v. Browne, 157 Mo. 116; Coleman v. Hicks,
158 Mo. 116; Coleman v. Hicks, 163 Mo. 560; Irwin v.
Childs, 28 Mo. 578; White v Rush, 58 Mo. 105.   (3)   The
judgment is not responsive to the issues made by the
pleadings.   Needles v. Ford, 167 Mo. 495; Bulken v.
Cross, 140 Mo. 166; Dougherty v. Adkins, 81 Mo. 411;
Newham v. Kenton, 79 Mo. 382; White v. Rush, supra;
Liese v. Meyers, 143 Mo. 547; Wolf v. Brown, 142 Mo.
612; Davis & Co. v. Roswell & Co., 77 Mo. App. 294.
(4)   The judgment is given in a lump sum upon one
principal note and two coupon notes for an amount
about $700 in excess of what could possibly be due.
Rumsey v. Railroad, 144 Mo. 189; Dewey v. Lenhardt,
27 Mo. App. 517; Stowles v. Freeman, 81 Mo. 544.   The
terms imposed upon the plaintiff in error of thirty days
is too short to redeem; the usual time is six months.
(5)   Stephenson v. Kilpatrick, 166 Mo. 270.   (6)   The
motion to review the judgment should have been sus-
tained.  R. S. 1899, sec. 795; Clawser v. Noland, 72 Mo.
App. 217.   (7)   The court exceeded its jurisdiction.
Fairchild v. Cresswell, 109 Mo. 29.

*F. L. Schofield* for defendants in error.

(1)   Both the findings of fact and the decree were
made and entered by the express wish, consent and
agreement of the plaintiff in error and this appears on

the face of the record. In such case in most jurisdictions appeal or writ of error will not lie at all, and in the jurisdictions where appeal or error is permitted, the appellate court will look into or review the record no further than to ascertain that the decree was one by consent of the complaining party, and will then affirm it without considering the merits of the case. 16 Cyc. Law & Proc., 473; 2 Dan. Ch. Prac. (Ed. 1879), star page 973; Van Zile, Eq. Pl. & Prac. (Ed. 1894), sec. 326; 1 Barb. Ch. Prac. (Ed. 1874), 380; 2 Beach, Mod. Eq. Prac. (Ed. 1894), sec. 795; French v. Shotwell, 5 Johns. Ch. 564; Morris, Admr., v. Peyton's Admr., 29 W. Va. 201; Jarvis v. Palmer, 1 Barb. Ch. 379; Atkinson v. Holroyd, 1 Cow. 709; Railroad v. United States, 113 U. S. 266; U. S. v. Babbitt, 104 U. S. 767; Railroad v. Ketchim, 101 U. S. 289; Armstrong v. Cooper, 11 Ill. 540; Laird v. Thomas, 22 Tex. 274; Winter v. Rose, 32 Ala. 447; Garner v. Prewitt, 32 Ala. 13; People v. Owners of Lands, 108 Ill. 442; Warford v. Eads, 10 Iowa 592; Railroad v. Railroad, 96 Iowa 16; Thompson v. Perkins, 57 Me. 290; Note to Perrin v. White, 36 N. J. Eq. 2; McCafferty v. Celluloid Co., 104 Fed. 305. (2) The alleged error of which plaintiff complains was, if committed, committed by express invitation and assistance of plaintiff in error. In such case she shall not be heard to complain. Flowers v. Helm, 29 Mo. 324; Realty Co. v. Moynihan, 179 Mo. 629; Casler v. Chase, 160 Mo. 418; Johnson v. Brinkman, 116 Mo. 559; Water Co. v. Neosho, 136 Mo. 498; Berkson v. Railroad, 144 Mo. 211; Harper v. Morse, 114 Mo. 317; State v. Manicke, 139 Mo. 545; Christian v. Ins. Co., 143 Mo. 460. (3) Even had the case been contested in the court below, and both parties had, by the introduction of evidence and receiving instructions, treated the issues tried as though they had been duly made by the pleadings, neither could complain in the appellate court. Hilz v. Railroad, 101 Mo. 36; Hill v. Meyer, 140 Mo. 433; Frank v. Frank, 6 Mo. App. 588; Pope v. Ram-

sey, 78 Mo. App. 157; Hackett v. Underwriters, 79 Mo. App. 16; Kinser v. Kinser, 130 Mo. 126; Baker v. Baker, 136 Mo. 512.

VALLIANT, J.—In the brief for plaintiff in error, who was also the original plaintiff, it is said that this is a suit to remove a cloud from the plaintiff's otherwise clear title, and for damages resulting to her from frauds and conspiracy on the part of defendants. By the finding of the trial court, to which there was no exception, there was no fraud or conspiracy, and therefore we may disregard that branch of the case.

The substance of the petition which is quite long is as follows:

Plaintiff was the owner of certain land in Scotland county worth $16,000, rental value $1,000 per annum; she also had a large amount of personal property on the land and all this, land and personalty, she left in the custody and control of one Bechtel, who was her partner, while she was absent in Arizona. On April 3d, 1900, she executed her note for $6,200 to one Swan, due five years after date, and five interest notes for $372 each, for money borrowed, and to secure the notes she executed a deed of trust conveying the land to defendant John Henry Smith, trustee, with power to sell on default of payment, etc. These notes and this deed of trust the plaintiff sent by mail to the trustee, through whom or whose firm the loan was made, at Kansas City, and the deed was duly recorded. Default was made in payment of the interest due April 3d, 1901, the trustee at the request of Swan advertised and sold the land and it was struck off to defendant Q. V. Gillispie for $6,000, who in turn executed her notes to Swan for the amount of her bid and a new deed of trust to secure the same. Gillispie brought suit for possession against the tenants of plaintiff, recovered judgment, and was put into possession. The petition goes on at considerable

length to make statements indicating that the sale by the trustee and the proceedings thereafter were the result of fraud by the trustee conspiring with plaintiff's partner Bechtel and with Swan and others to deprive her, in her absence, of her property. The petition admits that default in the interest on the deed of trust debt to Swan had been made and taxes on the property were unpaid, but prays that the trustee's sale may be set aside and the deeds following and resulting from that sale be cancelled, that her deed of trust notes be cancelled, and that her $6,200 debt and interest be decreed to be a lien on the land and that she be given a reasonable time in which to pay it off, and that the rents and profits be found and deducted from the debt, and that she have judgment for $5,000 damages for the fraud.

What answer if any was filed the record does not show, but in the brief for plaintiff in error it is said that the answer was a general denial for all the defendants except two, who, though served with process, made default.

When the cause came on for trial there was no evidence introduced, but the parties appeared and agreed that the court might make certain findings of fact; thereupon, the decree recites that the court did find certain facts, among which were that the plaintiff owed on her deed of trust debt, for principal, interest and taxes, $7,766.84, that the defendants were not guilty of any fraud or conspiracy, but that the trustee's sale was invalid because it was not advertised according to law. After reciting the findings of facts the decree goes on: "It is, therefore, by consent and agreement of the plaintiff and the answering defendants ordered adjudged and decreed" that the trustee's sale be set aside and all the deeds and transactions affecting the plaintiff's title and possession of the property dependent on the trustee's sale be vacated, that the original deed of trust from plaintiff of date April 3d, 1900,

be re-instated as in full force to secure the amount then due on that date, $7,766.84, which the decree also charged as a lien on the land, and a personal judgment for the sum, with interest from date of the decree and costs of the suit, was rendered in favor of defendant Swan against the plaintiff, and "that the equity of redemption of the plaintiff in and to said above-mentioned and described real estate be, and the same is forever foreclosed and said defendant Swan have his special writ of execution against said real estate for said amount, with interest and costs of this suit and that said real estate be sold to satisfy the same. But it is further ordered that execution hereon be stayed until the 26th day of October, 1902, at any time before which last-mentioned date plaintiff shall be allowed to pay said sum and interest and costs." That decree was rendered at the September term, 1902. There was no motion for a new trial or in arrest filed and no exception taken. At the next term of the court, January term, 1903, the record shows that there was a motion filed by the plaintiff to "review, modify and correct the judgment," which was overruled, but there was no exception taken. There is no bill of exceptions in the record. The cause is brought here on the record proper by writ of error. From the certified copy of the record proper it seems that the clerk, at the January term, 1903, in entering on his record the filing of the motion to review, copied the motion, the notice and the affidavit of service into his record. That was a useless encumbrance of the record. The record should show the filing of the motion, and the ruling of the court upon it, but the motion should not be copied into the record proper; it can be brought to the attention of the appellate court only by bill of exceptions.

Strictly speaking it cannot be said that what we have before us is even the record proper in the case, because it is not certified to be the full record; it is certified only to be "a true copy of the amended petition,

decree of court, motion to modify decree and record en-
tries in the cause.'' The answer of the defendants is
not given. The omission of the answer from the record
becomes important in view of the fact that the main
ground of complaint on the part of the plaintiff in er-
ror is that the findings of the court are not responsive
to the issues and that the judgment goes beyond the
pleadings. In the brief of plaintiff in error it is said
that the answer of defendants was a general denial, but
we cannot go to the briefs for facts that do not appear
in the record.

The real nature of the plaintiff's suit as shown by
the petition was one to cancel the trustee's deed and the
subsequent deeds depending on it and to allow plaintiff
to redeem. The cause was submitted for judgment on
what was substantially an agreed statement of facts,
which was put in the somewhat peculiar form of a find-
ing by the court of the facts without evidence but by
agreement of parties expressed in open court. The
plaintiff now complains that the finding of the amount
due on her deed of trust obligation was in excess of the
amount really due. It was perhaps in excess of the
amount of principal and interest on the notes, but the
finding in its terms is not limited to principal and inter-
est on the notes, but to advances made by the mortgagee
on account thereof, and whilst the items of the advances
are not given, yet the petition admits that the taxes
were unpaid and there may have been other items of ex-
pense paid by the mortgagee to protect his loan. But
at all events that finding was made without objection,
and really by the agreement of the plaintiff, and was
acquiesced in until the term of the court had passed
and until the court's power to correct it, if it was
wrong, had ceased to exist. There is nothing to show
that plaintiff made any claim at the trial for a reduc-
tion of the amount due on her mortgage debt for rents
and profits arising from her land.

The main point of complaint seems to be that in

the decree there is a clause which gives a personal judgment against the plaintiff for the amount due on the mortgage debt and that, it is insisted, was not authorized by the pleadings. In support of this contention we are referred to South St. Joseph Land Co. v. Bretz, 125 Mo. 418, wherein it was held that where a manifest error appears on the face of the judgment it will be corrected on appeal, although the judgment purports to be based on an agreed statement of fact. In that case it was held that the finding of the facts by the agreement of the parties and the incorporating of the findings in the decree made them equivalent to a special verdict or an agreed case, but that that did not preclude a party from appealing if the judgment was not what it should have been on the facts. That is entirely correct. The party may agree to the facts, but he is nevertheless entitled to a correct judgment on the facts as agreed.

In the case at bar, however, the plaintiff has done more than agree to the facts, she has also agreed to the judgment, and if there is any error in it she has led the court into committing the error. One will not on appeal be heard to complain of an error into which he has himself led the court.

The judgment on the whole was very favorable to the plaintiff, perhaps more so than in strictness she was entitled to under her petition and the findings. Eliminating all the charges of fraud for which, by the agreed finding, there was no foundation, there was left for ground of complaint only the allegation of lack of notice of the trustee's sale, and that was very vaguely charged in the petition, not specified as it was in the finding. Yet that was made the foundation, evidently by agreement, for granting the plaintiff substantially all that she asked; the trustee's deed and the deeds following and depending on it were set aside and she was granted thirty days in which to pay the debt. It is now claimed that she ought to have been given six months,

but it is sufficient to say that she consented to the decree giving her thirty days.

If the clause in the decree giving a personal judgment against the plaintiff for the amount due was unauthorized by the pleadings, it was an error which she invited and which she refrained from bringing to the attention of the court while the decree was yet in the control of the court. If, as is stated in the petition, the property is worth $16,000 the personal judgment adds nothing to the plaintiff's burden. Plaintiff in her petition prays that she may "be permitted to pay off and discharge" the mortgage debt and expressly "tenders the money into court here for that purpose." If she is willing to pay the debt and is ready to do so, as in her petition she says she is, how is she hurt by the clause giving a personal judgment against her? We are forbidden by law to reverse a judgment unless we "believe that error was committed by such court against appellant or plaintiff in error and materially affecting the merits of the action." [Sec. 865, R. S. 1899.]

There is no error in this record of which the plaintiff in error has a right to complain.

The judgment is affirmed.

All concur.