## CAMILLA BURROWS v. THOMAS WARD McMANUS, Appellant.

### Division Two, April 8, 1913.

1. **MOTION TO STRIKE OUT: Used for Demurrer.** While it is the better practice to employ a motion to strike out only in those instances provided by the code, e. g., for redundancy, irrelevancy, duplicity or frivolity, yet, when such motion fills the office of a demurrer, and in effect is a demurrer, it would be to look too much to the form and too little to the substance to hold it insufficient. The trial court is therefore upheld in striking out defendant's whole answer upon a motion which asserted that the answer did not state a cause of action.

2. **PLEADING: Answer: Petition.** *Held*, that the answer in this partition suit does not state facts sufficient to constitute a defense or a counterclaim.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

AFFIRMED.

*T. J. Rowe, Thomas J. Rowe, Jr.*, and *Henry Rowe* for appellant.

Our code of civil procedure is mandatory and when the courts follow the law they adhere to the rules of pleading therein prescribed. If the ruling of the trial court in striking out the whole of defendant's answer is correct then authority for such ruling will be found in our code. If no such authority can be found and if the ruling of the court is not bottomed on the code then unquestionably it is erroneous. To learn the law we must read the code. Section 1806 provides as follows: "Answer should contain what. The answer of defendant shall contain: . . . Second: A statement of any new matter constituting a defense or counterclaim in ordinary and concise language without repetition." Section 1809 provides

for a reply and demurrer to answer and that section says: "The plaintiff may demur to one or more defenses set up in the answer, stating in his demurrer the grounds thereof." Section 1815 provides that irrelevant and redundant matter in a pleading may be stricken out on motion of the adverse party, and section 1816 provides that "duplicity in pleading is a substantial objection and any petition or other pleading found subject to such objection shall, on motion, be stricken out." Section 1814 provides: "A frivolous demurrer, answer or reply may be stricken out on motion of the adverse party." Section 1800 provides: "Defendant may demur for what causes. . . . 6th. That the petition does not state facts sufficient to constitute a cause of action." If an answer fails to state facts sufficient to constitute a cause of action then it is demurrable and a motion to strike out the whole answer is not the proper motion.

*James P. Maginn* for respondent.

(1) The motion to strike out the counterclaim, going to the sufficiency of the entire answer to set up either a defense or a cause of action by way of counterclaim, was in the nature of a demurrer, the office of which a motion to strike out often fulfills. Shohoney v. Railroad, 231 Mo. 131; Brewing Co. v. Ehlhardt, 139 Mo. App. 129. (2) The answer styling itself a counterclaim, does not set up any cause of action whatever against plaintiff; nor does it set up any defense whatever to plaintiff's action for partition of the lots, secondly and thirdly described in the petition, for the reasons specifically assigned in plaintiff's motion to strike out said answer; and was properly stricken out. Pearce v. Calhoun, 59 Mo. 271; Titterington v. Hooker, 58 Mo. 593; Scott v. Royston, 223 Mo. 586; R. S. 1909, sec. 1830.

WILLIAMS, C.—This is a suit to make partition of three lots in the city of St. Louis, Missouri, between plaintiff and defendant. Trial was had in the circuit court of the city of St. Louis, resulting in a decree of partition of the lots as prayed in the petition. Defendant appealed to this court. Counsel who represent him on appeal did not represent him in the trial court.

The only error assigned by defendant goes to the ruling of the court sustaining plaintiff's motion to strike out the answer.

The petition alleges that plaintiff and defendant are seized as tenants in common of three parcels of land in the city of St. Louis, which are fully described in the petition; that plaintiff is the owner of a two-thirds interest, and the defendant of a one-third interest, in the lot first described, and that plaintiff is the owner of a one-sixth, and defendant of a five-sixths interest in the other two lots described in the petition. The petition further alleges that partition in kind cannot be made without great prejudice to the owners, and prays for an order of sale and division of the proceeds thereof.

The answer, omitting formal parts, is as follows:

"For answer to the petition, and by way of counterclaim, this defendant says, that the plaintiff is the grandchild of Camilla S. McManus, who departed this life in the city of St. Louis on to wit, November 16, 1905; that the said Camilla S. McManus left a last will and testament by which she devised and bequeathed to the plaintiff, Camilla S. W. Burrows, an undivided one-sixth of all of her property, and that the said Camilla S. McManus further bequeathed and devised to a trustee an undivided two-sixths of her property, the usufruct of which is to be paid to the plaintiff herein during her life, and if she survives the defendant herein the fee shall pass to her, the plaintiff, discharged of the said trust.

"Further answering, defendant says that the value of the estate so devised and bequeathed by Camilla S. McManus to the plaintiff herein was far in excess of the value of the property described in the second and third paragraphs of the plaintiff's petition, to-wit, lot eighteen and the west part of lot seventeen and lot nineteen of block seventeen of Stoddard addition to the city of St. Louis, and in block No. 982 of the city of St. Louis.

"Further answering, defendant says that during the life of Camilla S. McManus, and on, to-wit, the 14th day of July, 1903, in the city of St. Louis Mo., she made, executed and delivered to Thomas Ward McManus a deed conveying all of said property described in paragraphs two and three of plaintiff's petition to Thomas Ward McManus, and in and by said deed, for and in consideration of the natural love and affection which she had for her said son, Thomas Ward McManus, defendant herein, the said Camilla S. McManus covenanted and agreed in said deed with her said son, to give, grant, convey and confirm unto this defendant, Thomas Ward McManus, his heirs and assigns forever, the property above referred to and particularly described in paragraphs 2 and 3 of the petition herein, and further covenanted and agreed with the said Thomas Ward McManus, for the considerations aforesaid, for herself, her heirs, executors and administrators, to warrant and defend the title to the property thereby conveyed against the claims of every person whomsoever.

"Further answering, defendant says that said conveyance was signed, sealed and delivered to this defendant by Camilla S. McManus, and was by this defendant placed of record, and possession of said premises was then and there, under said deed, taken of said property described in paragraphs 2 and 3 of the plaintiff's petition, and defendant, Thomas Ward McManus, on, to-wit, December 16, 1903, gave to the

plaintiff herein notice of his claim of said property under said deed; that this defendant held possession of said premises until on or about, to-wit, the 16th day of November, 1905, at which time plaintiff made claim to her one-sixth interest and took possession thereof and ousted this defendant therefrom, and since that time has been in possession thereof.

"Further answering, this defendant says that if the said plaintiff will claim an undivided one-sixth interest in said property in derogation and in violation of her said ancestress's warranty, as aforesaid, the defendant is entitled to have an equitable adjustment of said warranty against which plaintiff claims said interest satisfied out of the property held by plaintiff and defendant in common; that the value of the one-sixth interest claimed by plaintiff in said property would be the reasonable damage which this defendant would sustain in the breach of the warranty contained in said deed from said grantor, Camilla S. McManus, to this defendant.

"And having fully answered, this defendant prays that if partition of said two pieces of property described in paragraphs two and three of said petition be awarded, that his interest and right under the warranty deed of Camilla S. McManus be adjusted as against the interest of plaintiff herein."

Plaintiff's motion to strike out is as follows:

"Now comes plaintiff and moves the court to strike out the whole of the defendant's answer, heretofore filed in this cause, for the following reasons:

"First: Because said answer purports to be a counterclaim, arising out of a contract, entirely foreign to the matters involved in the petition of plaintiff in partition, and no counterclaim of such character can properly be pleaded or set up in an action of partition.

"Second: Because said answer does not state facts sufficient to constitute a counterclaim against

plaintiff, even if it could properly be pleaded in this partition suit, in this:

"A. It appears from the allegations in said answer that if any cause of action arose on the facts thereof in favor of defendant, such cause of action would be against the estate of Camilla S. McManus, which it is alleged in said answer is amply sufficient to meet any damages which might accrue to defendant.

"B. It appears from the statements in said answer that said alleged cause of action or counterclaim, if any, should be presented against the estate of said Camilla S. McManus in the probate court of the city of St. Louis, Missouri, against her executor.

"C. It appears on the face of said answer that, even if the alleged covenant of warranty made by said Camilla S. McManus has been broken, inasmuch as no purchase money was ever paid by defendant, and under the law of this State the purchase money and interest thereon is the measure of damages for a breach of such covenant, no damages whatever could be recovered by the defendant on said covenant.

"D. It further appears from said answer that on or about November 16, 1905, being the date of the death of Camilla S. McManus, defendant yielded to and acknowledged the claim made by plaintiff to her one-sixth interest in the premises in said answer described, and has ever since been in possession thereof, with the consent and acquiescence of said defendant.

"Wherefore, plaintiff states that said answer should be stricken out by the court, as in no manner constituting a defense to the petition of plaintiff."

The court sustained plaintiff's motion to strike out defendant's answer, and defendant declined to plead further. Trial was had, and the court, after hearing the evidence offered by plaintiff, rendered judgment as above indicated.

Appellant contends that the trial court erred in sustaining respondent's motion to strike out the answer, for the reasons, first, that a motion to strike out the entire answer is not proper unless the whole answer is either duplicitous, frivolous, irrelevant or redundant; second, that the answer stricken out alleged that the defendant was the sole and absolute owner of the fee simple title to part of the land sought to be partitioned, and therefore pleaded a proper defense to the cause of action.

**Motion to Strike Out.**

While it is the better practice to employ a motion to strike out only in those instances provided by the code, yet, when a motion to strike out fills the office of a demurrer, and in effect is a demurrer, it would be to look too much to the form and too little to the substance to hold such a pleading insufficient. In the case of Shohoney v. Railroad, 231 Mo. 131, in discussing motions of this character, Judge LAMM states the rule as follows:

"From the proposition that a motion to strike out may in some instances fill the office of a demurrer the doctrine has been deduced that a motion which fills such office should be judged of by the rules pertaining to demurrers, i. e., when a motion is to all intents and purposes a demurrer dispositive of the whole case on a matter of law, the rules relating to a demurrer may be applied to such motions."

The motion in this case comes within the scope of the above rule, and we therefore rule adversely to appellant's first contention.

Defendant on appeal does not even attempt to justify the answer as a proper "counterclaim" as was the contention below, but asserts that by said answer "defendant *undertook* to state that by reason of the warranty deed dated July 14, 1903, Camilla S. McManus conveyed

**Answer: Sufficiency.**

to him said lots, and that by reason of said conveyance he became the sole and only owner in fee simple of said lots, and that plaintiff had no title to the same,'' and that ''such fact was a complete and perfect defense to plaintiff's cause of action,'' and that the court therefore erred in sustaining the motion.

It may be that the pleader did *undertake* to allege the facts claimed, but a careful reading of the answer clearly discloses that the undertaking was not successful. Reading the answer in the most charitable light, we are unable to find wherein it either alleges sole ownership in defendant, or denies the allegation made by plaintiff in her petition as to her interest in said real estate. The answer does not state facts sufficient for any purpose. Therefore the ruling of the trial court did not constitute reversible error.

The judgment of the circuit court is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The above opinion by WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.