STATE OF MISSOURI, at the relation and to the use of PAUL MOSBERG, Respondent, v. THOMAS J. OWENS, et al., Appellants.

St. Louis Court of Appeals. Opinion Filed December 3, 1918.

1. **JUDGMENTS: Petition for Review: Requisites: Meritorious Defense.** A motion filed after the lapse of the term at which the interlocutory judgment and the final judgment were rendered, could be effective, if at all, only as a petition for review authorized by section 2101, Revised Statutes 1909, and complying with requirements of section 2104, Revised Statutes 1909, by setting forth a meritorious defense.

2. ———: ———: ———: ———. Merely alleging in general terms that defendants have a meritorious defense, is not a setting forth of such defense within the meaning of the statute.

3. ———: ———: **Effect of Appearance: Statute.** Furthermore, since defendants appeared and filed a motion to strike out, they are not within the purview of section 2101, Revised Statutes 1909, as parties entitled to file a petition for review.

4. **SHERIFFS AND CONSTABLES: Official Bonds: Action against Constable and Sureties: Sufficiency of Petition.** A petition in an action against a constable and his sureties on his official bond, examined, and *held* good as stating a cause of action for dereliction of official duty on the part of the defendant constable, such as to constitute a breach or breaches of the bond sued upon.

5. **APPELLATE PRACTICE: Duplicity: Motion to Strike out Petition: Review.** A motion to strike out the petition, on the ground of duplicity, does not fill the office of a demurrer and is not subject to review in the appellate court as a matter arising on the face of the record proper.

6. ———: ———: ———: **Office: Not Reviewable as Demurrers.** A motion to strike out a pleading on the ground of duplicity, cannot be put in the same category as demurrers, and unless such motion is preserved in the bill of exceptions and called to court's attention by a motion for a new trial, an assignment of error based on a ruling on the motion, is lost for appellate purposes.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Wilson A. Taylor*, Judge.

AFFIRMED.

*Thos. J. Rowe, Jr.,* for appellants.

(1) The petition fails to state facts sufficient to constitute a cause of action, because no facts are alleged therein which show a breach of the condition of defendant Owens' bond. State ex rel. Zimmerman v. Schaper. 152 Mo. App. 538; State ex rel. Hamilton v. May, 117 Mo. App. 717. (2) The circuit court rred in overruling appellants' motion to strike out the petition. Each breach is a distinct cause of action. An inspection of the petition will establish the fact that it is duplicitous. Section 1816, R. S. 1909; St. Louis v. Weitzill. 130 Mo. 600; State ex rel. v. Titman, 134 Mo. 162. (3) A motion to strike out fills the office of a demurrer. Motions which fill such office are judged of by the rules pertaining to demurrers, and when a motion is to all intents and purpose a demurrer, dispositive of the whole case on a matter of law, the rules relating to demurrers are applied to such motions. Schohoney v. Railroad, 231 Mo. 131; Burrows v. McManus, 238 Mo. 561. (4) There is no substantial evidence in the case upon which to bottom the judgment. (See testimony of Lawyer, Adolph Abbey.) (5) The circuit court erred in taking up appellants' motion to strike out the petition without notice to the appellants, in violation of the rules of the circuit court. (6) The judgment herein should be reversed because Adolph Abbey knew that appellants intended to file an answer and make a defense to said action, and he had good reason to believe that they had a meritorious defense to said action, and, notwithstanding said facts, on the very last day of the December Term, 1915, of the circuit court, he went into court and secured a final judgment upon evidence which entirely failed to show any breach of the condition of the bond or any damages by reason of the breaches as alleged in the petition.

*Adolph Abbey* and *P. H. Cullen* for respondent.

(1) "The constable, after taking goods and chattels into his custody by virtue of an execution, shall, without delay, give public notice of the time and place when and

where they will be exposed to sale, by setting up three advertisements, one at the office of the justice issuing the execution, and one at each of two other of the most public places in the township, but then in case the execution issued from another township, the advertisements to be set up, one at each of three of the most public places in the township where the property is found. Such notice shall describe the goods and chattels taken, and shall be put up at least ten days before the day of sale." Section 7548, R. S. 1909. (2) It shall be the duty of the officer in whose hands any execution may come, before he shall levy the same, to apprise the person against whom such execution has issued of the property exempt from attachment and execution; and such officer shall summons from the neighborhood three disinterested householders, who, after being sworn honestly and impartially to appraise the property exhibited to them, shall proceed to appraise and set apart to said defendant the property exempt to him under this article" (Sec. 2184, R. S. 1909). (3) In construing an official bond, the construction should prevail which, in the light of attendant circumstances, would make the instrument efficacious instead of meaningless and ineffective. State ex rel. Watkins v. Miserz, 64 Mo. 596. (4) This is a suit upon an official bond, and the various breaches assigned cannot be called the statement of several causes of action. State ex rel. v. Davis et al., 35 Mo. 406. (5) At any rate the ruling of the trial court overruling appellant's motion to strike the petition is not here for review on appeal, because no exception thereto was preserved by a term bill of exceptions. White v. Railroad. 202 Mo. 539; Corter v. Exposition Co., 124 Mo. App. 534; Sholhoney v. Railroad, 231 Mo. 152. (6) In determining on appeal whether a petition is insufficient to support a judgment all reasonable intendments are to be indulged in favor of the pleading. State ex rel. v. Duncan, 130 Mo. App. 314; Drolshogan v. Railroad, 186 Mo. 264. (7) Suits instituted in the circuit court shall be triable at the return term thereof in all cases in which the defend-

ants have been summoned personally or by copies left at their usual place of abode . . . . at least fifteen days before the first of such term, unless continued for good cause as required by the law or the rules of court, and all default cases shall be heard and disposed of in court room No. 1.   Sec. 3, an act to provide for the re-organization of the St. Louis Circuit Court, General Statutes of Mo. 1865, p. 892.   (8)   In all counties having more than forty thousand inhabitants, every defendant who shall be summoned or notified according to law, shall demur to or answer the petition on or before the third day of the term at which he is bound to appear, unless longer time be granted by the court; and in every such case the action shall be triable at the return term; and when the defendant makes default the plaintiff shall be entitled to his assessment of damages and final judgment at the term at which default is made.   Sec. 1799, R. S. 7909; Montz v. Moran, 263 Mo. 252.   (9)   Judgment by default (interlocutory) may, for good cause, when shown, be set aside at any time before damages are assessed or final judgment rendered. Sec. 2094, R. S. 1909; Scott v. Smith, 133 Mo. 618.   (10) After the lapse of the term the court loses jurisdiction over the cause and has no authority to set aside the judgment, unless carried over by motion filed at the term in which the judgment was rendered.   Montz v. Moran, 263 Mo. 252; Miller v. Crawford, 140 Mo. App. 711; Childs v. Railroad, 117 Mo. 414; Danforth v. Lowe, 50 Mo. 217; State ex rel. v. Harper, 56 Mo. App. 611; Orvis v. Elliott, 65 Mo. App. 96.   (11)   Court of records have authority to make rules governing the practice before them when in harmony with the law, and such rules should be enforced.   State ex rel. v. Robertson, 181 S. W. 987, Sup. Ct. of Missouri, December 22, 1915; Rigdon v. Ferguson, 172 Mo. 52.

ALLEN, J.—This is an action upon the official bond of defendant Thomas J. Owens, as Constable of the Fifth Justice of the Peace District in the city of St. Louis, the defendants being said constable and the sureties on his bond. The suit was instituted in the circuit court on November 17, 1915, and on December 11, 1915, the defendants filed a motion to strike out the petition upon the ground "that the petition is duplicitous." Thereafter, on December 30, 1915, the motion to strike out was overruled, and on January 26, 1916, at the same December Term, 1916, of the circuit court, defendants not having pleaded, an interlocutory judgment by default was entered as to all of the defendants. Thereafter, on February 5, 1916, at the same term, an inquiry was had as to plaintiff's damages and final judgment was rendered for plaintiff against the defendants for the penalty of the bond, to-wit, $5000, to be satisfied upon the payment of the damages assessed, viz., $273.77. On February 9, 1916, after the lapse of the December term aforesaid, defendants filed a motion, verified by affidavit, to set aside the judgment. In support of this motion defendants filed certain affidavits and plaintiff filed counter affidavits. On February 23, 1910, this motion was overruled. The case reaches this court by virtue of an appeal here granted to defendants under the provisions of section 2043, Revised Statutes 1909.

The motion of defendants to set aside the final judgment by default proceeded upon the theory that the motion to strike out was considered and overruled by the court without notice to defendants' counsel, in violation of a rule of court. As to what occurred in this connection the facts are much in dispute, as appears by the affidavits mentioned above; but, for reasons to be noted, it is unnecessary to consider the matter. The motion was filed after the lapse of the term at which the interlocutory judgment and the final judgment were rendered, and hence could be effective, if at all, only as a petition for review authorized by section 2101,

Revised Statutes 1909, and complying with the requirements of section 2104, Revised Statutes 1909.

The motion in question purports to be a mere motion, and not a petition for review. But apart from this, it fails to comply with section 2104, supra, in that it does not set forth facts showing a meritorious defense. It is alleged in general terms that defendants have a meritorious defense; but this is not a "setting forth" of such defense within the meaning of the statute, supra. [See Icing Co. v. Kemper, 166 Mo. App. 613, 149 S. W. 1163.] Furthermore, since defendants appeared to the action and filed the motion to strike out, they are not within the purview of section 2101, supra, as parties entitled to file a petition for review. [See Jeude v. Sims, 258 Mo. 26, l. c. 38, 166 S. W. 1048.]

It follows that this motion can avail appellants nothing.

It is argued, however, that the petition fails to state a cause of action as for a breach of the condition of the bond sued upon. The petition, after pleading the execution of the bond sued upon and setting out in substance the condition thereof, avers that defendant Owens "did not in every respect discharge and perform his duties as constable according to law," in respect to the matters subsequently stated. It is averred that plaintiff obtained a judgment against one Kranzberg and one Cohen before a justice of the peace in and for the said district, which judgment was afterwards revived and an execution issued thereon which was received by the defendant constable; that said defendant failed and refused to serve a certain writ of garnishment on the execution, refused to sell certain perishable property levied upon by virtue of said execution, though ordered to do so by the justice of the peace, failed and refused to levy on a certain motor truck owned by said Cohen, and thereafter wrongfully and unlawfully released all of the goods, wares and merchandise and other personal effects of said Cohen levied upon under the execution, which was the only property of Cohen

subject to execution; that the judgment, amounting, with interest and costs, to $275.40, remains wholly unsatisfied; that said Cohen, at the times mentioned, was possessed of goods, wares and merchandise, money and credits and outstanding accounts sufficient to satisfy the judgment; and that "by reason of the failure and refusal of said constable to discharge his duties according to law" the plaintiff "has lost his debt and has been unable to collect the same or any part thereof."

Whether this petition is in every respect in proper form, and whether every act of the defendant constable complained of is such as to constitute a breach of the condition of his bond, we are not called upon to decide. Obviously there are sufficient facts averred to render the petition good as stating a cause of action for dereliction of official duty on the part of the defendant constable, such as to constitute a breach or breaches of the bond sued upon.

Appellants further insist that the court erred in overruling their motion to strike out the petition; and that this motion is before us for the reason that it fulfills the office of a demurrer. Though the motion is preserved in a bill of exceptions filed, appellants are here without a motion for a new trial and without an exception saved to the overruling of the motion to strike out. Consequently the ruling upon the latter motion is not here for review unless it be by reason of the rule upon which appellants rely. It is true that a motion sometimes fills the office of a demurrer, and consequently the action of the trial court thereupon is reviewed and adjudged by the rule pertaining to demurrers. [See Shohoney v. Railroad, 231 Mo. 131, 132 S. W. 1059; Burrows v. McManus, 249 Mo. 555, 155 S. W. 403; Knisley v. Leathe, 256 Mo. 341, 166 S. W. 257; State ex rel. v. Ellison, 266 Mo. 423, 181 S. W. 998.] A demurrer and the court's action thereupon are, of course, matters of record proper, and as such are preserved for review in an appellate court; and if it can be said that this motion to strike out the petition, on the ground of duplicity, fills the office of a demurrer, then the

ruling thereon is subject to review here as a matter arising on the face of the record proper.

In Shohoney v. Railroad, supra, l. c. 148, it is said:

"It was early held that matter in a pleading stating no cause of action or defense was open to a motion to strike out as well as to a demurrer. [Sapington v. Jeffries, 15 Mo. l. c. 631; Niedelet v. Wales, 16 Mo. l. c. 215; Barley v. Cannon, 17 Mo. l. c. 597; Robinson v. Lawson, 26 Mo. l. c. 71; Ming v. Suggett, 34 Mo. l. c. 365; Howell v. Stewart, 54 Mo. l. c. 407.] Now, the rule is that a demurrer not waived by pleading over, when stood on, preserves itself without the aid of a bill of exceptions or motion for a new trial. [State ex rel. v. Jones, 155 Mo. 570; Hannah v. Hannah, 109 Mo. l. c. 240; Houtz v. Hellman, 228 Mo. 655, and cases therein cited.] From the proposition that a motion to strike out may in some instances fill the office of a demurrer, the doctrine has been deduced that a motion which fills such office should be judged of by the rules pertaining to demurrers, i. e., when a motion is to all intents and purposes a demurrer dispositive of the whole case on a matter of law, the rules relating to a demurrer may be applied to such motions. [Austin v. Loring, 63 Mo. l. c. 21; O'Connor v. Koch, 56 Mo. 258.]"

After a review of the prior cases dealing with the application of the rule of practice here under consideration, the court in the Shohoney case, l. c. 152, further said:

"All will agree that the general rule in Missouri, subject to exceptions, is that motions must be preserved in a bill of exceptions and called to the court's attention by a motion for a new trial, else an assignment of error, based on a ruling on the motion, is lost for appellate purposes; and that the trend of the judicial mind is to refuse to carve out new exceptions to the general rule. To that end it has been ruled that a motion for judgment on the pleadings is not preserved except by a ground lodged in the motion for a new trial and by a bill (Sternberg v. Levy, supra; Godfrey v. Godfrey, 228 Mo. 507; Bank v. Klein, 33 Mo. 559);

that a motion to quash the proceedings is in the same category (Tarkio v. Clark, 186 Mo. 285); that a motion to strike out an amended petition because of a departure stands on the same foot (Bick v. Dry, 134 Mo. App. 589); that a motion to quash an indictment stands on the same foot (State v. Fraker, 137 Mo. 258); so to review a judgment (Daggs v. Smith, 193 Mo. 494) and motions to set aside a non-suit, to quash executions, to dismiss are treated similarly.''

In the Shohoney case the motion was directed to but a part of a replication, while that before us seeks to have the entire petition stricken out, but the law touching the matter, as there expounded and declared, is, we think, against the contention of appellants herein.

This motion is not essentially a demurrer. It does not challenge the sufficiency of the petition as stating a cause of action. On the contrary it impliedly concedes that the petition states two or more causes of action commingled in one count. While duplicity was a ground for special demurrer at common law, under our code it is to be taken advantage of by motion to strike out. [See section 1816, Revised Statutes 1909.] Such motion has not the character of a general demurrer, and we think that it cannot be said to be ''dispositive of the whole case on a matter of law'' within the meaning of the authorities, supra. It is true that it is levelled at the entire petition, but it is not every motion to strike out an entire pleading that rises to the dignity of a demurrer or is to be treated as such. [See Bick v. Dry, 134 Mo. App. 589, 114 S. W. 1145; Bingaman v. Hannah, 270 Mo. 611, l. c. 627, 194 S. W. 276; Ewing v. Vernon Co., 216 Mo. 681, l. c. 686, 116 S. W. 518.] In the case last cited (l. c. 686) it is said: ''A motion to strike out might be leveled at a frivolous pleading, or a second petition that was a departure from the first, or a sham pleading. So, it might be leveled at trifling, trivial, nugatory, redundant or irrelevant matter or *matter of duplicity* or unnecessary repetition or the like; but it ought not to fill the well-defined and technical office of a demurrer in bringing to the attention of the court

demurrable defects in a petition." (Italics ours). While some of the language used in a prior paragraph of that opinion was, in effect, disapproved in the Shohoney case, 1. c. 150, as being too broad in its scope, that which we have quoted was not criticized; and it appears to be entirely sound doctrine to hold that motions of the character there mentioned, including a motion to strike out a pleading on the ground of duplicity, ought not to be put in the same category as demurrers. To hold otherwise in the instant case would be to undertake to carve out a new exception to the general rule as to the right to have a motion reviewed on appeal, contrary to the trend of judicial decision on the subject. [Shohoney v. Railroad, supra, 1. c. 152.] And, for the reasons noted, we think that we would not, in any event, be justified in putting in the excepted class a motion which strikes at a pleading for matter of duplicity.

We consequently hold that the ruling upon the motion to strike out is not here for review.

Upon the record before us we perceive no ground upon which we may rightfully disturb the judgment below, and it must therefore be affirmed. It is so ordered.

*Reynolds, P. J.,* and *Becker, J.,* concur.