Floyd et al. v. McDaniel.

FLOYD ET AL. V. McDANIEL.

1. CHANCERY PRACTICE: *Bill of Exceptions.*
   In chancery, depositions and other papers on file are parts of the record as well as the pleadings; and no bill of exceptions is necessary to make them such; but when a paper is struck from the files it is off the record, and a bill of exceptions is necessary to restore it for review in the supreme court.

2. PRACTICE: *Affidavit to prevent dilatory defense, when to be filed.*
   The affidavit allowed to be filed under section 4610 Gantt's Digest, to prevent dilatory defenses, must be filed with the complaint. It is too late after answer.

APPEAL from *Clark* Circuit Court in Chancery.

Hon. H. B. STUART, Circuit Judge.

*Hawes H. Coleman,* for appellants:

The affidavit could not be filed *after* the complaint. Court erred in striking out answer.

*Williams & Battle,* for appellees:

Relied on *Gantt's Digest, sec.* 4610.

Answer not before the court, there being no bill of exceptions. 4 *Ark.,* 450; *ib.,* 454; 6 *Ark.,* 535; 5 *Ark.,* 166; *ib.,* 179; *ib.,* 223.

HARRISON, J. This was a suit in equity by John R. McDaniel against A. M. Floyd, E. A. Floyd, his wife, and John W. Shaw, to enforce a lien on certain lots or parcels of ground in the town of Arkadelphia, for the payment of a note given in the purchase of them.

It was alleged in the complaint that the defendant, Shaw, on the eighth day of September, 1877, sold to the defendant, E. A. Floyd, the lots or parcels of ground, for which she gave him her three promissory notes of that date, one for $1,000, one for $500, both payable on the first day of January, 1878, with 10 per cent. interest from date, and one for $500, payable with like interest on the first day of May, 1878; and he executed to her a bond for title.

That the first mentioned note had been paid; and the last mentioned, had been assigned by Shaw without recourse on him, and it was no longer a lien on the property.

That the note for $500, payable on the first day of January, 1878, was on the twentieth day of December, 1877, for a valuable consideration, assigned by Shaw to the plaintiff; and that there was still due upon it, after deducting payments stated, the sum of $178.71, with interest from the seventh day of December, 1878.

The defendants demurred to the complaint as not stating facts sufficient to constitute a cause of action. The court

overruled their demurrer, and E. A. Floyd filed a separate answer.

After the answer was filed, the plaintiff filed an affidavit that both A. M. Floyd and E. A. Floyd had admitted to him the justness and validity of his demand, and that it was a lien on the property—that he had been prevented from bringing suit to the preceding term of the court by the assurance of one of their attorneys, that if suit was not brought to that term, the debt would be paid, or if thereafter brought no defense would be made ; and that he believed the defendants had no good or valid defense to the action upon the merits, and that the defense made was merely for delay ; and thereupon moved to strike out the answer, which motion the court sustained.

The plaintiff then dismissed the action as to Shaw.

The court found that there was due upon the note $166.82, and that the same was a lien upon the lots, and rendered a decree of foreclosure and sale.

The defendants appealed.

1 CHANCERY PRACTICE: Bill of exceptions. The answer is copied in the transcript, but it is objected by the appellee that having been struck out, and not again brought upon the record by bill of exceptions, it forms no part of the record before the court.

On the chancery side of the court, depositions and other papers on file are parts of the record as well as the pleadings, and no bill of exceptions is necessary to make them such. (*Rose v. Rose, 9 Ark., 507.*) Where, however, a paper is struck or ordered to be taken from the files, it is no longer a part of the record, and if it is desired that it should appear in it for the purpose of a review of the ruling of the court in respect to it upon appeal, it must be again brought in by an order of the court, as if by bill of exceptions at law— and which form might, not improperly, be adopted for the purpose. We can not, therefore, look into the answer to

see whether it set up a sufficient defense or not. But the affidavit and motion, and order of the court are before us, and we may consider the action of the court in striking it out.

It is only when the plaintiff files with his complaint, in certain actions, an affidavit that there is no good or valid defense upon the merits, and if defense be made to the action, it will be for the purpose of delay, that the court is to refuse to allow an answer to be filed, or to strike it out if filed, unless accompanied by an affidavit that the defense set up in it is a good and valid defense upon the merits. (*Sec. 4610 Gantt's Digest.*) He is not entitled to file it afterwards. If not filed then, how can the defendant, when he files his answer, know that he is required to file with it a counter-affidavit.

The complaint showed a cause of action, and the demurrer to it was rightly overruled.

For the error in striking out the answer the decree must be reversed, and the cause remanded to the court below, with instructions to allow the answer to be reinstated, and for further proceeding.