## BICK, Appellant, v. DRY, Respondent.

St. Louis Court of Appeals, December 29, 1908.

APPELLATE PRACTICE: Motion to Strike Out: Demurrer: Bill of Exceptions. A motion to strike out a pleading sometimes performs the office of a demurrer and in such case no bill of exceptions is necessary in order to have it reviewed, but a motion to strike out, though it goes to the whole of the pleading, can not be treated as a demurrer where it raises an issue of law on some collateral matter. A motion to strike out an amended petition on the ground that it states a different cause of action from the original petition, cannot be reviewed unless incorporated in the bill of exceptions.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

GOODE, J.—The purpose of this appeal is to have reviewed the action of the circuit court in striking out an amended petition. The original petition filed in 1903, alleged plaintiff recovered judgment against defendant before a justice of the peace on April 13, 1907, for $60.14, with eight per cent interest to compound annually, and costs; that on July 31, 1900, a transcript of the judgment was filed in the office of the clerk of the circuit court and that the judgment, including damages, interest and costs, never had been paid, appealed from, vacated, suspended or satisfied, but was still due and owing and aggregated $150, for which plaintiff asked a revival, renewal and final judgment with eight per cent interest compounded annually and costs of suit. The amended petition was filed July 27, 1905, and was like the original except that it stated the amount due on the judgment was then $250, for which sum plaintiff prayed judgment against the defendant. It will be observed the amended petition left out of the prayer a demand for a revival or renewal of the justice's judgment and simply asked for a judgment of the circuit court on said justice's judgment. A motion was filed and sustained to strike out the amended petition, on the ground that it stated a different cause of action from that stated in the first petition. Plaintiff elected to stand on his amended petition, and the cause was dismissed.

No bill of exceptions was taken and for this reason the ruling of the court on the motion is not subject to review. A motion to strike out a pleading often is equivalent to a demurrer (Austin v. Loring, 63 Mo. 19; Paxson v. Talmage, 87 Mo. 13, s. c., 14 Mo. App. 586), and as a demurrer is a part of the record and the rul-

ing of the court on it may be reviewed without a bill of exceptions, perhaps a ruling on a motion to strike out, when such a motion serves the purpose of a demurrer, might be examined without a bill of exceptions. But a motion to strike out, though it goes to the whole of a pleading, cannot be treated as a demurrer when it raises an issue of law on some collateral matter, instead of on the face of the pleading. This is true because a demurrer goes only to the sufficiency of a pleading on its face. [6 Ency. Pl. and Pr., 297, *et seq.*] The present motion did not call in question the adequacy of the amended petition as a statement of a cause of action, but, in effect, conceded it stated a cause of action which could not be entertained, because it was a departure from the one stated in the original petition. We think an exception should have been saved and, therefore, the judgment will be affirmed. All concur.