[No. 2758.   Oct. 12, 1923.]

LOCKHART v. CHRISTIAN et al.

### SYLLABUS BY THE COURT

Under the provisions of section 4105, Code 1915, two or more causes of action may not be united unless they all belong to one of the classes therein enumerated and affect all of the parties in the action.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Henry Lockhart against R. V. Christian and another. From an order sustaining demurrers to the complaint and dismissing the action, plaintiff appeals. Affirmed.

Lawrence F. Lee, of Albuquerque, for appellant.

Summers Burkhart, of Albuquerque, for appellees.

### OPINION OF THE COURT

BRATTON, J. The appellant's complaint separately states two causes of action. The first is in the usual statutory form to quiet title to the real estate in question as against the appellee Christian. No facts whatever are stated concerning the appellee Swope, except that he is the duly elected, qualified and acting treasurer of Bernalillo county. No relief whatever is sought against him. In the second cause of action it is charged that the appellant owns said real estate; that it was assessed for taxes for the year 1908 in the name of unknown owners; that on November 1, 1909, it was sold to Bernalillo county for said taxes and that a tax sale certificate issued upon such sale; that on May 2, 1917, such certificate was assigned to A. E. McGlashan; that, at the time such certificate was made, issued, and transferred the post office address of appellant was well known to the treasurer of said county and that no notice of any of said acts was given him; that during the year 1921 he first learned that such certificate had been issued and assigned, and that he immediately tendered to the treasurer of Bernalillo county the full amount of the principal, interest, and penalties then due and demanded a certificate of redemption from such sale, which was refused. He prayed that appellee Swope, as such treasurer, as well as his deputies, employees, and successors in office, be restrained from issuing and delivering a tax deed predicated upon such certificate.

The appellees separately demurred to the complaint, in which they urged that separate causes of action were improperly joined. Such demurrers were sustained; the appellant failed to further plead within the allotted time; and his complaint was dismissed. This appeal followed.

The single question involved is whether or not separate causes of action are improperly united in this complaint. It is to be noted that the first cause of action affects the appellee Christian alone. No facts are

therein stated with regard to the appellee Swope, save that he is the duly elected, qualified, and acting treasurer of Bernalillo county. No relief is sought against him. The appellant prays that his title be quieted and set at rest as against the appellee Christian and that he be barred and estopped from having or claiming any right or title to the lands involved. The second cause of action affects the appellee Swope alone, and does not in any manner affect the appellee Christian. The tax sale certificate, the validity of which is challenged, is charged to have been assigned to A. E. McGlashan. It is nowhere alleged that the appellee Christian owns or has any interest in such certificate, and hence he would not be affected by the outcome of that cause of action. Nothing is charged in this cause of action with reference to him, save his place of residence. So that we have a complaint which separately states two causes of action, the first of which affects one of the parties alone, and the second of which affects solely the other party defendant. In neither of them are both parties defendant affected.

Section 4105, Code 1915, provides that several causes of action may be joined in the same complaint provided they all belong to one of the classes therein specified and they affect all of the parties to the action. The pertinent portion of the statute is in the following language:

"But the causes of action so united must all belong to one of these classes and must affect all of the parties to the action, and not require different places of trial, and must be separately stated, with the relief sought for each cause of action, in such manner that they may be intelligently distinguished."

The terms of this statute are clear and free from doubt or ambiguity. Two things are necessary in order to properly unite more than one cause of action. They must belong to one of the classes enumerated in the statute, and they must each affect all of the parties to the suit. The appellant does not come within the latter requirement as neither of his causes of action affect all of the parties. For these reasons the demurrers were

properly sustained. Board of Education of City of Roswell v. Seay, 24 N. M. 74, 172 Pac. 1040.

It follows that the judgment of the lower court must be affirmed; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.