[No. 2854.    Sept. 21, 1925.]

TENORIO v LEYBA

### SYLLABUS BY THE COURT

1. Pleading over to the merits waives the right to object to an adverse ruling on demurrer.

2 A demurrer based on the statute of frauds is not well taken unless the complaint shows affirmatively that the contract is an oral one. Alexander v. Cleland, 13 N. M. 524, 86 P. 425, followed.

· 3. The overruling of a motion for default for failure to

reply to affirmative matter in the answer and for judgment on the pleadings, such reply being on file at the time of acting on the motion, is equivalent to prior permission of the court to file the reply.

4. A condition precedent in a contract, that one should guarantee another "with his patents (his ranches) to cover the above specified sum," construed by the trial court as requiring giving of security on ranches, and not satisfied by mere deposit of patents. **Held**, no error in this construction.

Appeal from District Court, Torrance County; Ed Mechem, Judge.

Action by Roman Tenorio against Macario Leyba. Judgment for plaintiff, and defendant appeals. Affirmed.

E. P. Davies, of Santa Fe, and T. P. Rapkoch, of Las Cruces, for appellant.

George W. Prichard, of Santa Fe, for appellee.

**OPINION OF THE COURT**

WATSON, J. Appellee (plaintiff) sued appellant (defendant) upon a contract, by the terms of which appellant was to have the use, increase, and profit from 128 ewes delivered to him, to return a like number of ewes at the end of three years, and to pay therefor $1.25 per head per year. Appellant failed to pay part of the rent, failed to return the ewes, and had enjoyed one wool clip and certain lamb increase since the expiration of the term, upon all of which items of damage judgment was rendered against him.

[**1, 2**] Error is assigned upon the overruling of the demurrer to the complaint, the ground of the demurrer being that, as the complaint was silent as to whether the contract was in writing, it was presumably oral, and hence void under the statute of frauds. Upon the overruling of the demurrer appellant answered, and by thus pleading over waived the right to claim error in this respect. People v. Orekar, 22 N. M. 307, 161 P. 1110. Further, the demurrer is without merit. Alexander v. Cleland, 13 N. M. 524, 86 P. 425.

[**3**] By the answer the affirmative defense of nova-

tion was set up. The reply became due July 21, 1922, but was not filed until August 2, 1922. In the meantime, on July 28, 1922, appellant moved for the entry of default for failure of reply, and for judgment on the pleadings. This motion was overruled by order dated January 24, 1923, and ordered to be filed nunc pro tunc as of August 3, 1922. It thus appears that when the motion was brought to the attention of the court the reply was already on file. Appellee contends that it was within the discretion of the court to permit the filing of the reply. Appellant grants this, but contends that the reply could be filed after the expiration of the statutory limit only by permission of the court, which permission does not appear. He argues that a reply thus filed is a nullity. It is doubtless true that permission of the court is requisite to the proper filing of a reply after the time for filing has elapsed. Lacking such permission, the reply might be stricken. It does not follow, however, that it must be stricken, nor does it follow that in acting on a motion for the entry of default and for judgment on the pleadings the belated reply filed without permission must be ignored. We think we ought to indulge the preseumption that the motion was denied, because the reply was already on file. This recognition of the reply by the court we court we deem equivalent to permission to file it. While this court has not perhaps directly passed upon this question, such a holding would seem to be forecast by previous decisions. Riverside Sand & Cement Manufacturing Co. v. Hardwick, 16 N. M. 479, 120 P. 323; Armstrong v. Concklin, 27 N. M. 550, 202 P. 985. There is nothing in Clute Bros. & Co. v. Hazleton, 51 Iowa, 355, 1 N. W. 672, cited by appellant, at all in conflict with these views.

[4] There are numerous assignments based on the rejection of offered testimony and the refusal of requested findings and conclusions. We think it unnecessary to discuss these in detail. We are satisfied from the record that the whole case turns upon the trial court's construction of a written contract, which, although signed only by appellee and the Anton Chico

Mercantile Company, the court found, at appellant's request, to have been entered into by appellant as well. This contract we insert:

"Anton Chico, New Mexico, Nov. 28, 1919.

"The Anton Chico Mercantile Company, of Anton Chico, N. M., is hereby made itself responsible to pay to Roman Tenorio the stock which Macario Leyba owes him, which said stock is described as follows: 15 new ewes, 38 old ewes, 75 ewe lambs, six months old more or less.

"The ewes with the teeth have to be picked ewes; the old ewes and ewe lambs have to be stock or sheep turned to him as they come out of the corral, but it being understood that they have to be sheep in good condition, and without any defect whatever.

"The Anton Chico Mercantile Company hereby bind themselves to deliver the 15 new ewes and the 30 old ewes within 15 days from this date at the ranch of Nicolas Tenorio, in La Palma. The ewe lambs, six months old, they agree to deliver by the last day of September, 1920, at the Ranch of Roman Tenorio in La Gallina, county of Lincoln; it being understood that if the Anton Chico Mercantile Company wishes to deliver the said ewe lambs before the above mentioned date, and Roman Tenorio agrees to receive the same at any time before the last day of September, 1920.

"Furthermore, the Anton Chico Mercantile Company hereby agrees and compromises itself to pay the sum of said rent due by Macario Leyba for said sheep, said rent to be paid as soon as Macario Leyba has guaranteed the said Anton Chico Mercantile Company with his patents (his ranches) to cover the above specified sum.

"Also the Anton Chico Mercantile Company hereby agrees to pay to Don Justo Leyba the corresponding rent due him, after said land has been guaranteed by Macario Leyba, in favor of the Anton Chico Mercantile Company.

"[Signed] Anton Chico Mer. Co.,

"Nicholas Tenorio.                    By. E. Griego.
"Narciso Baca.                        Roman Tenorio."

Appellant contends that this contract, supplemented by certain evidence received and by other evidence offered and rejected, made out a novation. The court evidently took the view that, to sustain his claim of novation, appellant must show the performance of the condition of the contract, viz., that Macario Leyba has guaranteed the said Anton Chico Mercantile Company with his patents (his ranches) to cover the above

specified sum." This seems to be sound. "If the first debt does not depend on any condition, but the second agreement, intended as a novation, is conditional, the novation can only take effect by the performance of the condition before the debt is extinct. Therefore a novation will be prevented from taking place, not only by failure of the condition, but also by the extinction of the original debt before the condition is performed." 29 Cyc. 1134.

Further, the court apparently construed this condition as requiring the giving of security on the ranches, and not as being satisfied by the mere deposit of the patents. If the court was wrong in this construction, there may be error in the case properly reserved for review. If right, we do not think that any of appellant's assignments can avail him. From a careful inspection of the record, we find nothing to lead us to conclude that the contract was not correctly construed by the trial court.

Finding no error, we affirm the judgment; and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.