AMERICAN SOUTHERN TRUST COMPANY *v.* MARTIN.

Opinion delivered June 21, 1926.

1. PLEADING—MOTION TO STRIKE.—Issues as to whether notes and a mortgage sued on belonged to plaintiff, or whether they had been assigned to him by his brother to hinder his creditors from collecting their debts, *held* germane to foreclosure proceedings, as against a motion to strike an intervention from the pleadings.

2. APPEAL AND ERROR—MOTION TO STRIKE INTERVENTION—REVIEW OF RULING.—An order sustaining a motion to strike out an intervention may be reviewed without a bill of exceptions where the motion attacked the sufficiency of the intervention on its face.

3. APPEAL AND ERROR—WAIVER OF ERROR.—Interveners contesting a mortgage foreclosure do not waive the right to review the decree by reason of the vice president of one of the interveners purchasing the land at the foreclosure sale as truste, in absence of proof for whom he was acting.

Appeal from Arkansas Chancery Court, Southern District; *John M. Elliott*, Chancellor; reversed.

*R. W. Wilson, Coleman & Gantt* and *Sam T. & Tom Poe*, for appellee.

*T. J. Moher* and *John L. Ingram*, for appellee.

HUMPHREYS, J. This suit was commenced in the chancery court of Arkansas County, Southern District, by one of the appellees, F. E. Martin, against William Moll, W. F. Simmons and others, to foreclose a mortgage on certain real estate described therein, executed on April 21, 1920, by W. F. Simmons and his wife to the said William Moll, to secure three notes aggregating $12,000. It was alleged in the bill that the notes had been assigned to F. E. Martin, and that he was the owner of same by virtue of the assignment. It was also alleged that the Bank of Gillett claimed some right, title and interest or claim to the land in question, and for that reason it was made a party defendant to the suit.

The Bank of Gillett filed an answer denying that F. E. Martin was the owner of the notes and mortgage, and a cross-bill alleging that J. H. Martin, his brother, was indebted to it in a large sum, and that, in order to cover up this property and prevent said bank from col-

lecting its debt, he had the notes assigned to F. E. Martin instead of himself. It was alleged that J. H. Martin had rendered himself execution-proof and apparently insolvent by transferring all of his real estate and other property, including these notes, to his near relatives.

At a subsequent date the American Bank of Commerce and Trust Company (American-Southern Trust Company) and the First National Bank of St. Louis, Missouri, filed an intervention alleging the assignment to the interveners by the Bank of Gillett of all the evidences of indebtedness upon which the Bank of Gillett based its cross-complaint. The cross-complaint of the Bank of Gillett was in the nature of a creditor's bill against J. H. Martin, seeking to set aside a number of alleged fraudulent conveyances and to subject the notes secured by said mortgage to the payment of the alleged indebtedness of J. H. Martin to the Bank of Gillett.

A motion was filed by F. E. Martin to strike the answer and cross-complaint of the Bank of Gillett as finally amended and the intervention filed by the American Bank of Commerce & Trust Company and the First National Bank of St. Louis from the files, for the alleged reason that the pleadings had not raised issues cognizable in the suit, but foreign to it.

Upon a hearing of the cause the court sustained a motion to strike from the files of the suit the pleadings of the Bank of Gillett, the American Bank of Commerce & Trust Company, and the First National Bank of St. Louis, upon the ground that the issues raised therein were not germane to and cognizable in the foreclosure suit. In other words, the court ruled, over the objection and exception of appellants, that the pleadings filed by them failed to state a defense or a cause of action by way of cross-complaint to the foreclosure proceedings. After striking the pleadings aforesaid from the files the court rendered a decree foreclosing the mortgage against the land to satisfy the sum found due upon the notes, which totaled $14,373, including interest thereon. Pursuant to the decree the commissioner sold the lands, at which sale

W. A. Hicks, trustee, became the purchaser for $13,700. The sale was confirmed by the court, and the commissioner executed a deed to W. A. Hicks, trustee, which was acknowledged and approved in open court. Several months thereafter appellants prayed an appeal to this court, which the clerk granted.

It is sought by this appeal to have the cause remanded with directions to reinstate appellants' pleadings and to allow them to litigate their alleged right to have the proceeds from the sale of said land applied to the payment of the said indebtedness due by J. H. Martin to them.

Appellants contend for a reversal of that part of the decree striking their pleadings from the files upon the ground that they did not raise issues germane to and cognizable in the foreclosure proceeding. We agree with appellants in their contention that the pleadings sufficiently state a defense and a cause of action by way of cross-complaint to the right of appellee, F. E. Martin, to foreclose the mortgage for his individual benefit. The pleadings, as we understand them, tendered the issue of whether the notes and mortgage belonged to J. H. Martin or F. E. Martin, and the further issue of whether the notes and mortgage had been assigned to F. E. Martin for the purpose of covering them up so as to hinder the Bank of Gillett and its assignees from collecting the indebtedness which J. H. Martin owed them. These issues were germane to and cognizable in the foreclosure proceeding. The motion challenged the sufficiency of the pleadings on their face, and was in effect a demurrer, and should have been treated as a demurrer by the court. The motion did not invoke collateral matter as a ground for striking the pleadings from the files.

Appellees suggest that the motion to strike appellant's pleadings are not properly in the record and before us for consideration, because, after being stricken from the files, they were not brought into the record by a bill of exceptions. This result cannot be accomplished through a misnomer of a pleading. If the motion attacked

the sufficiency of the pleadings on their face, it was in effect a demurrer and not a motion to strike. It is said in 4 Corpus Juris, p. 117, that, "where a motion to strike out a pleading serves the purpose of a demurrer, it seems a ruling thereon may be reviewed without a bill of exceptions." Of course, if the motion had set up collateral matter as a ground for striking the pleadings and had not challenged the sufficiency of them, then it would have been necessary to resort to a bill of exceptions to bring the pleadings thus stricken from the files back into the record. *Floyd* v. *McDaniel,* 36 Ark. 484.

Appellee suggests that the decree must be affirmed because its validity was recognized by appellants' purchase of the lands at the foreclosure sale and procurement of a confirmation of the deed executed by the commissioner to them for the land. It is true that one who accepts or secures a benefit under a decree thereby waives his right to have same reviewed by an appellate court, but the record in the instant case fails to show that appellants purchased the land at the foreclosure sale. It is true that W. A. Hicks purchased same in the capacity of a trustee, but it does not appear for whom he was acting. We cannot indulge the presumption that he purchased it for appellants simply because he is the vice-president of the American Bank of Commerce & Trust Company.

Appellees have suggested several other reasons why the decree should be affirmed *in toto,* which we do not regard as sound.

On account of the error indicated, that part of the decree is reversed striking out the pleadings of appellants, and the cause is remanded with directions to allow appellants to ligitate their alleged rights to the proceeds arising from the foreclosure sale.