[No. 2960.    Aug. 9, 1926.]

## JOHNSON v. YELVERTON.

[249 Pac. 99.]

### SYLLABUS BY THE COURT

1 A count for money loaned to husband is misjoined with another count for money loaned to wife (Code 1915, §§ 4072, 4105, 4110).

2 Overruling a demurrer on grounds of misjoinder is reversible error, if demurrant stands on it.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by G. W. Johnson against T. M. Yelverton and wife. From a judgment for plaintif on the first cause of action, the named defendant appeals. Reversed and remanded, with directions.

Harry L. Patton, of Clovis, for appellant.

H. B. Jamison, of Albuquerque, for appellee.

### OPINION OF THE COURT

WATSON, J. [1] Johnson sued T. M. Yelverton and Mrs. T. M. Yelverton on two cause sof action, separately stated. In the first count he prayed judgment against Yelverton for $188.50, for money loaned. In the second count he sought judgment against Mrs. T. M. Yelverton for $12.50, for money loaned; adding to this a prayer for judgment "in the aggregate against said defendants in the sum of $201, with interest and

---

[1]  1CJ p. 1103 n. 92, 93, 94.    [2]  4CJ p. 928 n. 76; p. 930 n. 9; p. 931 n. 10.

costs." In the first count no mention was made of defendant Mrs. T. M. Yelverton. In the second count it was alleged that Mrs. T. M. Yelverton is the wife of defendant T. M. Yelverton.

Defendant T. M. Yelverton demurred upon the grounds of misjoinder of causes and of parties. The demurrer was overruled and, said defendant refusing to plead further, judgment was entered against him on the first cause of action. From this he has appealed. Error is assigned upon the overruling of the demurrer. Appellant cites Lockhart v. Christian, 29 N. M. 143, 219 P. 490. Appellee endeavors to distinguish it.

Appellee contends that the fact pleaded in the second count, that the defendants are husband and wife, varies the rule. Opposing this, appellant cites 1 C. J. 1103, where it is said:

"Distinct liability of husband and wife cannot be enforced in the same action, whether arising upon contract or in tort."

The cases there cited seem to sustain the text. But appellee contends that, though the wife was not a necessary party to the first cause of action, she was a proper party, citing McDonald v. Craig, 10 Wash. 239, 38 P. 1034, and Richards v. Warnekros, 14 Ariz. 488, 131 P. 154. In McDonald v. Craig, the complaint contained allegations of the marital relation, and that the debt sued on was one of the community; the object being to obtain judgment authorizing levy on community property. The Washington Supreme Court found that practice unobjectionable, and approved it. Without considering whether such practice is warranted in this state, it is sufficient to say that such was clearly not the purpose in the case at bar; there being, in the first count, no allegation even of the marital relation, to say nothing of an allegation that the borrowing created a community debt. We do not perceive that Richard v. Warnekros aids appellee in his present contention.

[2] Appellee also contends that, if there was error

in overruling the demurrer, it was harmless and should not result in reversal of the judgment. He cites:

"A misjoinder of causes of action or defenses is not a ground for reversal where no substantial right of appellant was affected." 4 C. J. 928.

"An error in sustaining or overruling a demurrer is harmless error where it appears that the substantial rights of the objecting party were not affected thereby." 4 C. J. 930.

"* * * If it appears from the record that the verdict is based solely on the good counts, the error will be deemed harmless." 2 R. C. L. 246.

We have examined all cases cited at 4 C. J. 928, note 76, and find none in which the defendant stood on his demurrer. The Indiana decisions were controlled by a statute expressly forbidding a reversal for error in ruling on a demurrer for misjoinder. We have not felt called upon to take the necessary time to examine the many cases cited under 4 C. J. 931. The text from 2 R. C. L. 246, presupposes that an issue was framed and submitted on certain good counts.

The statute prescribes what actions and what parties may be joined. Code 1915, §§ 4072 and 4105. A misjoinder it makes ground of demurrer. Code 1915, § 4110. Of course, if the defendant answers over and goes to trial after the overruling of his demurrer, and the cause is so submitted or decided that he is not prejudiced, there should be no reversal. Indeed, in such case, by answering over he waives the error in the overruling of his demurrer, and can thereafter complain only of later error, if any there be, in the submission of the issues or in the judgment. But if he stands upon the error in overruling his demurrer, we know of no principle which permits us to inquire whether a ruling, made by statute erroneous, is, in practical effect, prejudicial. Holding otherwise, we should not only nullify the statutory provisions; we should throw the practice on demurrer into utter confusion. The bar would never be safe in raising a question of law by demurrer and standing upon the ruling. We know of no such thing as harmless error in overruling

a demurrer which should have been sustained. If the demurrant chooses to stand upon the error, he is entitled to a reversal.

In view of our conclusion, other errors assigned and argued need not be considered. The judgment will be reversed, and the cause remanded, with direction to the district court to sustain the demurrer on both grounds thereof, namely, misjoinder of causes and misjoinder of parties, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.