# MARKS *v.* ROBERTI

No. 2821

November 10, 1928.                                    271 P. 467.

*J. M. Frame* and *F. Raffetto,* for Appellant:

*Frank B. Scott,* for Respondent:

**OPINION**

By the Court, COLEMAN, J.:

This action was brought to recover judgment in the sum of $712. Omitting the formal portions, the complaint alleges:

"That on —— day of February, 1924, the plaintiff furnished to the defendant twenty-six ton of hay of the reasonable value of $25 a ton and of the total value of $650 and nineteen (19) sacks of wheat, weighting about one (1) ton, of the reasonable value of $62 at the total value of the hay and grain so furnished by the plaintiff to defendant as aforesaid the sum of seven hundred and twelve dollars (712) which defendant promises and agreed to pay to plaintiff, the sum being the reasonable value of the hay and grain aforesaid."

The complaint also alleges that the defendant had failed and refused to pay for said hay and grain, or any part thereof, and that defendant is indebted to the plaintiff in the sum of $712, which sum plaintiff had often demanded of the defendant.

The answer was, in substance, a general denial.

Upon the trial of the case the plaintiff was called as a witness in his own behalf, and after some preliminary questions his attorney said:

"Just go on and tell the court what occurred with reference to this hay, if anything."

The witness stated:

"I leased it and I left the hay on the place. It was there ever since I leased it in 1916."

There was an objection on the ground that there was no allegation as to a lease in the complaint—no suit on a lease—and hence the evidence was outside of the issues. After a statement had been made by counsel for plaintiff, and some argument, the court admitted in evidence, over objection and subject to a motion to strike, the lease.

The lease contains the following condition:

"And it is further understood and agreed that the party of the first part shall and will leave upon the premises above described for the use and benefit of the party of the second part, twenty (20) sacks of wheat (18 seed and 2 chicken) and thirty (30) tons of hay.

"And it is further agreed that the party of the second part, at the expiration of this lease, will leave upon the premises leased herein twenty (20) sacks of wheat (18 seed and 2 chicken) and thirty (30) tons of hay, for the use and benefit of the party of the first part herein."

The plaintiff gave evidence of the value of the hay and grain as of the time defendant took possession of the ranch in March, 1924, but none as to its value at the expiration of the lease three years later when the place was turned back to the plaintiff. When the plaintiff rested his case, counsel for the defendant moved for a nonsuit, on the ground that plaintiff had failed to prove his case as alleged, which motion was sustained, and judgment was entered for the defendant. Plaintiff has appealed.

■ We think the judgment should be reversed. It is the policy of the courts, so far as possible, where no injury results to ignore technicalities in pleading. Such

has long been the policy of this court, as was manifested in Burgess v. Helm, 24 Nev. 242, 51 P. 1025, which has been consistently adhered to.

■ In the instant case plaintiff sued both on quantum meruit and on quantum valebat. Plaintiff might have alleged a breach of contract and sued for damages, but the measure of his damages would be the value of the hay and grain which defendant should have returned at the time he surrendered the ranch to the plaintiff under the terms of the lease. The measure of his recovery on the quantum valebat was the same. The purpose of all pleading is to apprise the opposite party of the nature of the case against him. In view of the situation we do not think there was such a variance as justified the nonsuit, since the defendant could not have been misled to his detriment. Though there was no proof of what the value of the hay and grain was when the ranch was returned to the plaintiff, it as least had a nominal value.

As said in 13 C. J. 244, 245, dealing with the subject of implied contracts:

"They rest solely on a legal fiction, and are not contract obligations at all in the true sense, for there is no agreement; but they are clothed with the semblance of contract for the purpose of the remedy, and the obligation arises not from consent, as in the case of true contracts, but from the law or natural equity. * * * Among the instances of quasi or constructive contracts may be mentioned cases in which one person has received money which another person ought to have received, * * * ; cases in which a person fails to deliver specific property and becomes liable for the money value thereof. * * * "

The instant case falls squarely within the last-mentioned class.

For reasons given, the judgment is reversed.

ON PETITION FOR REHEARING

January 17, 1929.

*Per Curiam:*

Rehearing denied.