[No. 3571.   July 11, 1931.]

PATTON et al. v. WALKER.

[1 Pac. (2d) 566.]

A. T. Hannett, of Albuquerque, and James A. Hall, of Clovis, for appellant.

Perkins L. Patton, of Clovis, for appellees.

OPINION OF THE COURT

BICKLEY, C. J.

This action was originally commenced by appellees, May Walker Hart, Jere D. Hart, and C. S. Hart, Jr., as the sole heirs of C. S. Hart, deceased. Later, an amended complaint was filed joining the administrator of the estate of said C. S. Hart as party plaintiff.

Plaintiffs complained that certain moneys deposited in the defendant bank, the Citizens Bank of Clovis, belonged to the estate aforesaid, and sought judgment so declaring, and injunctive relief to preserve the fund pending the litigation. Defendant B. B. Walker filed his plea to abate the action upon the grounds of other actions pending in the same court between the same parties concerning the same subject-matter based upon the same evidentiary facts, and claimed further that, by reason thereof, plaintiffs had split one cause of action into three suits, and in consequence had abandoned the cause at bar.

This plea was overruled, and the defendant B. B. Walker excepting to the ruling, filed his answer to the amended complaint reasserting matters stated in his plea in abatement, and in addition thereto alleged that the administrator of the C. S. Hart estate was the only proper party plaintiff, and that all the other parties plaintiff were unnecessary and improper parties.

The answer then proceeds with admissions and denials of matters alleged in the complaint, and affirmatively alleges that the defendant B. B. Walker is the sole owner of the moneys involved.

The court made findings of fact and law, and refused certain findings requested by the defendant Walker, and rendered judgment in favor of plaintiffs.

Appellant first contends that the trial court erred in overruling the plea in abatement. Several argu-

ments are urged by appellees in opposition to this contention, among them being that by pleading over to the merits after the plea in abatement was overruled, the plea was waived. We agree with appellees.

"Where a plea or other objection in abatement is overruled, defendant must stand by it if he would take advantage of the objection, and he waives it if he pleads in bar or otherwise appears to the merits."

1 C. J. Abatement and Revival, § 599, citing Ross v. Berry, 17 N. M. 48, 124 P. 342; Curran v. W. W. Kendall Boot, etc., Co., 8 N. M. 417, 45 P. 1120.

The same principal governs the objection in defendant's answer of misjoinder of parties plaintiff. The objection was waived by answering to the merits. See Johnson v. Yelverton, 31 N. M. 568, 249 P. 99; Tenorio v. Leyba, 30 N. M. 524, 239 P. 1034.

The broad question involved on the merits is whether the money in the bank belonged to the appellant B. B. Walker or to the estate of C. S. Hart, deceased, represented by appellees. The judgment awards the bulk of the funds to the appellees. There is no claim that the findings do not support the judgment, but the gist of the argument of appellant is that the findings are not supported by substantial evidence. We have carefully considered the record, and, while the evidence is conflicting, we consider that the findings of the trial court are sufficiently sustained by substantial evidence.

It follows from the foregoing that the judgment should be affirmed, and the cause remanded, and it is so ordered.

WATSON and HUDSPETH, JJ., concur.

PARKER and SADLER, JJ., did not participate.