HARTFORD MINING COMPANY, a Corporation, Appellant, v. HOME LUMBER & COAL COMPANY, a Corporation, Respondent.

No. 3316

November 18, 1940. 107 P. (2d) 128.

*G. A. Ballard,* of Reno, for Appellant.

*George L. Vargas,* of Reno, for Respondent.

## OPINION

By the Court, TABER, C. J.:

Several motions are presented on this appeal from a judgment of the First judicial district court, Ormsby County. Appellant was one of several defendants in the court below. The appeal is upon the judgment roll alone; there is no bill of exceptions.

The transcript of the record on appeal was filed May 17, 1940, and appellant filed its opening brief May 31, 1940. On the 7th or 8th of June 1940, respondent noticed two motions, one to strike certain portions of the transcript on appeal, the other to dismiss the appeal. On June 20, 1940, appellant noticed a motion to dismiss both of respondent's said motions.

Appellant's motion will be taken up first. It is based upon the ground that "the respondent has failed and neglected to file or serve an Answering Brief within 15 days after the service upon it of Appellant's Opening Brief upon appeal, and has not within said 15 days, or at all, solicited or procured from Appellant, this court, or either of the Justices thereof, an extension of time in which to file or serve its Answering Brief, all contrary to Rule XI of this Court and the statutes in such cases

made and provided." In addition to supreme court rule XI, appellant, in support of its motion, cites Smith v. Wells' Estate Co., 29 Nev. 411, 91 P. 315, and Midland Elevator Co. v. Harrah, 44 Okl. 154, 143 P. 1168.

Under the provisions of supreme court rule XI, appellant is required to file and serve points and authorities or brief within 15 days after the filing of the transcript on appeal; respondent is required to serve points and authorities or brief within 15 days after service of appellant's points and authorities or brief; and within 15 days thereafter appellant is required to file and serve points and authorities or brief in reply. Said rule further provides, in part, that "a failure by either party to file points and authorities or briefs under the provisions of this rule and within the time herein provided, shall be deemed a waiver by such party of the right to orally argue the case, and such party shall not recover cost for printing or typewriting any brief or points and authorities in the case."

In Smith v. Wells' Estate Co., supra [29 Nev. 411, 91 P. 316], this court said: "On April 1, without making any reservation, respondent obtained an order allowing it 10 days within which to file its brief, and this and the fact that it failed to file its brief or make any motion to dismiss the appeal within 15 days after the filing of appellant's brief we deem to be a waiver of its right to make the objections offered to the transcript." In Midland Elevator Co. v. Harrah, supra, plaintiff in error, in compliance with an order of court as to the filing of briefs, filed its brief setting up the grounds upon which it sought reversal. The defendant in error failed to file briefs or to offer any excuse for such failure. Under these circumstances the court held that it was not required to search the record to find some theory upon which the judgment might be sustanied, and as the contentions of plaintiff in error seemed to the court to be reasonably sustained, the judgment was reversed.

In the case at bar, respondent's motions were

noticed about a week after appellant's opening brief was served and filed, and about a week before respondent was required to serve and file its answering brief. Under these circumstances, and in the absence of any prejudice to appellant, we think that appellant's motion should not be granted. Bowers v. Charleston Hill Nat. Mines, 50 Nev. 99, 251 P. 721, 256 P. 1058; Ryan v. Snyder, 27 Wyo. 512, 200 P. 105.

■ A further reason for not giving favorable consideration to appellant's motions is that such motions tend to confusion, and are generally held not to be proper practice. Buehler v. Buehler, 38 Nev. 500, 503, 151 P. 44, 45; 7 Bancroft's Code Pr. and Rem. 7669, sec. 5792, n. 15; 42 C. J. 517, sec. 174. The motion is denied.

■ We next consider respondent's motion to strike. Section 38 of the 1937 new trials and appeals act, Stats. of Nevada, 1937, c. 32, p. 66, provides, in part: "A party may appeal upon the judgment roll alone, in which case only such errors can be considered as appear upon the face of the judgment roll." This court on a number of occasions has held that nothing can become a part of the record on appeal from the final judgment unless it is a part of the judgment roll proper or is embraced in a bill of exceptions. Harper v. Lichtenberger, 59 Nev. 495, 498, 92 P. (2d) 719, 720, 98 P. (2d) 1069, 99 P. (2d) 474.

■ Respondent's motion to strike portions of the transcript is granted as to the following papers: Notice of Motion, and Motion, to amend Complaint, pp. 2–20; Order of October 14, 1938, requesting Points and Authorities, p. 21; Notice of Motion, and Motion, to Amend Complaint, and Affidavit in Support of said Motion, pp. 22–28; Order of December 16, 1938, Granting Permission to Plaintiff to File Amended Complaint, p. 47; Application for Entry of Default, p. 54; Default, p. 55; Dismissal without Prejudice of Certain Causes of Action, p. 56; and Conclusions of Law, pp. 68, 69

(see Harper v. Lichtenberger, supra). Among the papers moved to be stricken is a Memorandum of Costs and Disbursements, but we do not find any such paper in the transcript.

The amended complaint contained four causes of action. Defendant (appellant) filed a demurrer to the amended complaint, and on the same day filed a motion to strike. The demurrer was based upon the grounds that several causes of action had been improperly united, and that there was a misjoinder of parties defendant. The motion to strike set forth three reasons for striking the whole of the amended complaint. The court was also asked to strike certain paragraphs of the first cause of action, certain paragraphs of the second cause of action, and all of the third and fourth causes of action. We are not concerned with the motion insofar as it was directed at the third and fourth causes of action, because plaintiff dismissed both of them before final judgment. Neither the demurrer nor the motion to strike was based, wholly or in part, upon the ground that the amended complaint failed to state facts sufficient to constitute a cause of action. The motion to strike certain paragraphs of the first and second causes of action was based upon the ground "that the cause of action attempted to be stated therein is based upon a new and different theory of law and entirely different state of facts, and raises entirely new issues from the original complaint herein upon which trial was had and judgment given plaintiff." The motion to strike was denied and the demurrer overruled. Appellant filed no answer, and its default was entered. Thereafter the judgment was entered from which this appeal is taken.

There is, of course, no question about the propriety of incorporating the demurrer and ruling thereon in the judgment roll. The important question upon which counsel sharply differ is whether appellant's motion in the lower court to strike the amended complaint and certain portions thereof, and the ruling on said motion,

should be stricken from the transcript on appeal. Respondent contends it should be stricken, because it has no place in the judgment roll. Appellant concedes that motions on the pleadings and rulings thereon are not, as a general rule, properly part of the judgment roll under statutes such as ours; but it maintains that the motion to strike made by it in the lower court was in substance and effect a demurrer, and that the ruling of the court in denying said motion can be reviewed without a bill of exceptions. In support of this position, cases are cited from Montana, Missouri, Idaho, and Arkansas.

The Montana case chiefly relied upon is Bank of Commerce v. Fuqua, 11 Mont. 285, 28 P. 291, 14 L. R. A. 588, 28 Am. St. Rep. 461. This case was decided nearly fifty years ago, and the broad rule there stated has been limited in later decisions. This is apparent from the comparatively recent case of Paramount Publix Corporation v. Boucher et al., 93 Mont. 340, 19 P. (2d) 223, 224. After pointing out that a motion to strike parts, or the whole, of a pleading may be taken as a demurrer if the motion is based upon a ground for demurrer, the court went on to say that "under the provisions of the Code, the demurrer and motion each has its own separate and distinct office, and neither can perform that of the other." Further, says the court, "A demurrer can be interposed only for one or more of the seven grounds enumerated in section 9131, Revised Codes of 1921, and, if a motion attacks a pleading upon a ground other than one on which a demurrer can be interposed, the motion cannot be deemed a demurrer."

Appellant also places much reliance upon two Missouri cases, Kinsely v. Leathe, 256 Mo. 341, 166 S. W. 257, and Shohoney v. Quincy, O. & K. C. R. Co., 231 Mo. 131, 132 S. W. 1059, 1065, Ann. Cas. 1912A, 1143. If the former case tends to support appellant's contention, the same can hardly be said of the latter when read in its entirety, for in the opinion the court says: "All will

agree that the general rule in Missouri, subject to exceptions, is that motions must be preserved in a bill of exceptions and called to the court's attention by a motion for a new trial, or an assignment of error, based on a ruling on the motion, is lost for appellate purposes, and that the trend of the judicial mind is to refuse to carve out new exceptions to the general rule. To that end it has been ruled that a motion for judgment on the pleadings is not preserved except by a ground lodged in the motion for a new trial and by a bill (Sternberg v. Levy, supra [159 Mo. 617, 60 S. W. 1114, 53 L. R. A. 438]; Godfrey v. Godfrey [228 Mo. 507] 128 S. W. 970, * * *; [Mechanics'] Bank v. Klein, 33 Mo. 559); that a motion to quash the proceedings is in the same category (City of Tarkio v. Clark, 186 Mo. 285, 85 S. W. 329); that a motion to strike out an amended petition because of a departure stands on the same foot (Bick v. Dry, 134 Mo. App. 589, 114 S. W. 1145) * * *." The case just mentioned, Bick v. Dry, is of particular interest here, as it was there held that a motion to strike out an amended petition on the ground that it stated a different cause of action from that stated in the first petition cannot be treated as a demurrer, and that a ruling thereon could not be reviewed on appeal in the absence of a bill of exceptions. The court said: "The present motion did not call in question the adequacy of the amended petition as a cause of action, but, in effect, conceded it stated a cause of action which could not be entertained because it was a departure from the one stated in the original petition."

In another Missouri case, Union Brewing Co. v. Ehlhardt, 139 Mo. App. 129, 120 S. W. 1193, 1195, the court said: "As a rule objections to the rulings of the court on the allowance of amendments must be saved by exceptions."

In Garber v. Missouri Pac. Ry. Co., Mo. Sup., 210 S. W. 377, it was held that a motion to strike out a count of plaintiff's petition is not in the nature of a demurrer

and that its overruling, therefore, became a matter of exception, which must be preserved in a bill of exceptions.

The Idaho case cited by appellant is Warren v. Stoddart, 6 Idaho 692, 59 P. 540. In a later case, Swanson v. Groat, 12 Idaho 148, 85 P. 384, the court said: "The respondent has filed and presented a motion to strike from the transcript in this case all matter found on page 6 thereof, which appears to be a motion and notice of motion to strike certain paragraphs from the complaint. This appeal is from the judgment only, and no statement or bill of exceptions has ever been settled or filed in the case. It therefore follows that under sections 4456 and 4818 of the Revised Statutes of 1887, the motion and notice to strike certain matter from the complaint has no place in the judgment roll and could only be brought to this court by a bill of exceptions or statement."

Again, in Perkins v. Loux, 14 Idaho 607, 95 P. 694, 698, the court had under consideration a motion to strike parts of an answer. In its opinion the court said: "From the foregoing examination and analysis of the different provisions of the statutes of this state, and a comparison of the same with corresponding provisions of the California Code, we conclude that the Legislature of this state intended that the orders and rulings of the court to which exceptions are allowed by statute, as enumerated in section 4427, and which are not made a part of the judgment roll, must be reviewed on an appeal from an order granting or refusing a new trial. They clearly cannot be reviewed on an appeal from the judgment where they are not made a part of the judgment roll or incorporated in a bill of exceptions."

Appellant has also cited American Southern Trust Co. v. Martin et al., 171 Ark. 539, 286 S. W. 802, 803, in which it was held that if a motion to strike attacks the sufficiency of the pleadings on their face, it is in effect a demurrer, and not a motion to strike. But the court added: "Of course, if the motion had set up collateral

matter as a ground for striking the pleadings, and had not challenged the sufficiency of them, then it would have been necessary to resort to a bill of exceptions to bring the pleadings thus stricken from the files back into the record. Floyd v. McDaniel, 36 Ark. 484." In Bick v. Dry, supra, the motion under consideration was one to strike out the amended petition, on the ground that it stated a different cause of action from that stated in the first petition. The court held that this raised an issue of law on a collateral matter, instead of on the face of the pleading.

■ The rule contended for by appellant has been adopted, with various qualifications, in only some half dozen jurisdictions, and is an exception to the general rule that motions on the pleadings, including motions to strike and rulings thereon, are not properly part of the judgment roll, and to become a part of the record on appeal must be preserved by a bill of exceptions. 4 C. J. S., Appeal and Error, 1218, sec. 740; 3 Am. Jur. 246, sec. 638; 8 Bancroft's Code Pr. and Rem. 8880, sec. 6697; 2 Cal. Jur. 513, 514, sec. 253, nn. 11–17.

In support of its position that we should follow the exception to the general rule, appellant cites Klepper v. Klepper, 51 Nev. 145, 271 P. 336, Potter v. Los Angeles & S. L. R. R. Co., 42 Nev. 370, 177 P. 933, and the concurring opinion of Justice BEATTY in Howard v. Richards, 2 Nev. 128, 90 Am. Dec. 520. But in the first two of these cases the motions and rulings thereon came up to this court in bills of exception, settled by the trial judge in the Klepper case and by stipulation of the parties in the Potter case. And while Justice BEATTY, in most particulars, concurred in the opinion of the majority of the court in Howard v. Richards, supra, his concurring opinion is a dissent from the majority on the question whether the motion to strike the cost bill and the ruling thereon could be reviewed upon an appeal from the judgment, in the absence of a statement on appeal or bill of exceptions. The majority opinion squarely held that they could not.

■ Two other Nevada cases convince us that we should follow the general rule; Magee v. Whitacre, 60 Nev. 202, 96 P. (2d) 201, 203, and First National Bank v. Abel et al., 56 Nev. 6, 11, 12, 41 P. (2d) 1061, 1062, 1063. We are confirmed in this view by the fact that appellant's motion to strike was not based on any of the grounds for demurrer to complaint specified . in the Nevada statute. N. C. L. 1929, sec. 8596.

In 1907 the California statute was amended to include in the judgment roll, in all cases where the complaint is answered, "all orders striking out any pleading in whole or in part." Stats. 1907, p. 720. Previous to the adoption of that amendment, the California courts had held that motions and orders striking out pleadings did not constitute a part of the judgment roll. Whether the Nevada statute should also be amended is a matter for the consideration of the legislature.

Appellant's motion to strike and the ruling thereon are ordered stricken from the record on appeal.

■ Respondent's motion to strike is denied as to (1) the trial court's order overruling the demurrer to the amended complaint, and (2) the findings of fact, pp. 58–68. The motion is in error in referring to the findings of fact and conclusions of law as extending from pages 58–71 of the record. Pages 70–73 are a copy of the written final judgment.

■■ We come now to respondent's motion to dismiss the appeal. In addition to the notice of appeal, the undertaking on appeal and the clerk's certificate, there are properly in the record on appeal the amended complaint, the demurrer thereto, the order overruling said demurrer, the findings of fact and the judgment as rendered and as filed. As the appeal was regularly taken, we are not disposed to dismiss it, as the court prefers to afford counsel further opportunity to brief and argue the case, or take such other steps as it may be advised, upon the record as it stands after the striking therefrom of the papers hereinbefore specified. The motion to dismiss the appeal is denied.

 In view of the fact that respondent did not notice its motion to strike until after appellant had served and filed its opening brief, we think that appellant should be given an opportunity, if it so desires, to file another brief in lieu of its opening brief. Accordingly, appellant is given until and including the 5th day of December 1940, in which to serve and file such brief, or to take such other steps as it may be advised. Respondent will have fifteen days after service and filing of appellant's brief within which to serve and file its answering brief, and appellant fifteen days thereafter in which to serve and file its closing brief.

ON THE MERITS

July 2, 1941. 114 P. (2d) 1091.

See, also, 61 Nev. 1, 107 P.(2d) 128.

*G. A. Ballard,* of Reno, for Appellant.

*George L. Vargas,* of Reno, for Respondent.

## OPINION

By the Court, TABER, J:

Respondent, as plaintiff, commenced an action in the First judicial district court, Storey County, against appellant, George Drysdale, Howard W. Squires, H. W. Squires, Jr., and John Doe and Roe Corporation as defendants. Four causes of action were joined in the amended complaint, which will be referred to herein simply as the complaint. The first and second causes of action were for the foreclosure of mechanics' liens against certain mining property leased by defendants Drysdale, Squires and Squires, Jr., from the owner, defendant Hartford Mining Company. These liens were filed to secure payment for merchandise alleged to have been sold by plaintiff to said lessees. The third and fourth causes of action were for the recovery of other sums of money (not secured by lien) alleged to be due plaintiff, on two open accounts, for the sale of other merchandise direct to the owner.

Defendant Hartford Mining Company, the only defendant who appeared in the action, demurred to the complaint upon the ground that several causes of action had been improperly united therein, and upon

the further ground that there was a misjoinder of parties defendant. The demurrer was overruled, and no answer was filed to the complaint. After the time for answering had expired, default was entered, and thereafter judgment by default was awarded plaintiff on the first and second causes of action only. This appeal is from that judgment, and is upon the judgment roll alone.

██ Appellant contends that the trial court erred in overruling its demurrer. Respondent argues that appellant was in no position to object to a misjoinder of parties, for the reason that the complaint states a cause of action against appellant, and the latter's interests are not affected by the misjoinder of other parties as defendants. With respect to the other ground of demurrer, that several causes of action were improperly united, respondent not only fails to cite any authorities justifying the uniting of the first and second causes of action with the third and fourth causes, but does not even specify any subdivision of sec. 8595 N. C. L. 1929, under which the first·two causes of action could properly be united with the other two. Several causes of action may be united in the same complaint only when authorized by said section. Conceding that the first and second causes of action could be properly united in the same complaint and that the third and fourth causes could have been properly united in a separate complaint, this court is satisfied that the four causes could not lawfully be united in the same complaint, and that the demurrer should have been sustained.

Respondent, however, contends that such error was not prejudicial to appellant and not, therefore, ground for reversal. In support of this position, respondent cites sec. 8622 N. C. L. 1929; Paterson v. Condos, 55 Nev. 260, 30 P.(2d) 283; Strohecker v. Mutual B. & L. Ass'n, 55 Nev. 350, 34 P.(2d) 1076; Barcellos v. Gompertz, 49 Nev. 326, 245 P. 700; Marks v. Roberti, 51 Nev. 150, 271 P. 467. These authorities are to the

effect that errors in pleadings or proceedings will be disregarded when they do not affect the substantial rights of the parties.

■ A number of California, Texas, Iowa, Washington, and Oklahoma cases are also cited by respondent in support of the proposition that even though a demurrer on the ground of misjoinder of causes of action be erroneously overruled, the judgment will not be reversed where demurrer has suffered no prejudice. In these cases the defendants, after their demurrers had been erroneously overruled, answered and went to trial, and it appeared in each case that no prejudice had, or could have, been suffered. But here appellant stood upon its demurrer and did not answer the complaint within the time allowed by the trial court or make any appearance thereafter. Johnson v. Yelverton, 31 N. M. 568, 249 P. 99; 5 C. J. S., Appeal and Error, sec. 1687, pp. 864, 865, n. 22; Am. Jur. 575, n. 16. No default judgment could properly be entered under these circumstances without opportunity first afforded appellant to answer the complaint after correction thereof to include only such causes of action as were unitable under sec. 8595 N. C. L. 1929.

■ In support of its contention that no substantial right of appellant has been affected, respondent points out that before the final judgment was entered respondent dismissed the third and fourth causes of action, thus leaving only the first and second causes which were properly unitable under the statute; and as judgment was asked and given on these two causes only, appellant, argues respondent, could not possibly have been prejudiced. If the trial court had sustained the demurrer on the ground of misjoinder of causes of action, the maximum relief to which appellant would have been entitled under such ruling, according to respondent, would have been found in respondent's dismissing its third and fourth causes of action without trial, and thereafter proceeding on its first and second causes of

action. Respondent further states that if the judgment in this case should be reversed and the matter returned for a new trial, such new trial would simply result in respondent's obtaining judgment upon its first and second causes of action.

The papers brought here on this appeal included a copy of dismissal by the plaintiff, without prejudice, of the third and fourth causes of action, but that paper was stricken from the record on respondent's own motion. Hartford Mining Co. v. Home Lumber & Coal Co., 61 Nev. 1, 107 P.(2d) 128, 130. All that we have before us on this appeal is the judgment roll, which does not mention or refer in any way to a dismissal of any causes of action. Respondent refers to our opinion in the case last cited where it was stated that the third and fourth causes of action had been dismissed; but even if we could, on this appeal, take cognizance of the fact that the third and fourth causes were dismissed, it would avail respondent nothing, because the dismissal took place after the entry of default, and respondent does not claim that appellant was given any opportunity to answer the corrected complaint.

In arguing that, if the judgment should be reversed and the case returned to the trial court, a new trial would simply result in respondent's obtaining judgment upon its first and second causes of action, respondent apparently assumes that appellant would not answer the corrected complaint and go to trial, but there is nothing whatever in the record to indicate that such would be the case.

The judgment appealed from is reversed and the cause remanded, with direction to the district court to sustain the demurrer in accordance with the views herein expressed and to allow defendant a reasonable time in which to answer the corrected complaint.