NYE COUNTY, NEVADA, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, AND THE BOARD OF COUNTY COMMISSIONERS OF NYE COUNTY, NEVADA, ANDREW M. EASON, ROBERT H. CORNELL, AND DONALD J. BARNETT; AND POMEROY NEIGHBORS, IN HIS CAPACITY AS COUNTY ADMINISTRATOR; PETER L. KNIGHT, IN HIS CAPACITY AS DISTRICT ATTORNEY OF NYE COUNTY; AND J. HOWARD, IN HIS CAPACITY AS SHERIFF OF NYE COUNTY, APPELLANTS, *v.* WALTER R. PLANKINTON AND DOUGLAS E. HARKALIS, RESPONDENTS.

No. 10638

December 11, 1978                    587 P.2d 421

*Peter L. Knight,* District Attorney, Nye County, for Appellants.

*Smith & Maurer,* Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, C. J.:

Respondents are the owners of a house of prostitution in Nye County, Nevada, known as the "Chicken Ranch". The house is situated on property owned by respondents and is located outside both the incorporated and unincorporated areas of the county.

On November 21, 1977, appellant Pomeroy Neighbors, Administrator of Nye County, filed a complaint, pursuant to NRS 244.360, alleging respondents' operation of a house of prostitution constituted a "nuisance per se under the provisions of the Nevada Supreme Court decision in Cunningham v. Washoe County."[1] *See* Cunningham v. Washoe County, 66 Nev. 60, 203 P.2d 611 (1949), approving the common law rule that a house of prostitution was illegal and, thus, constituted a public nuisance.

Respondents were served with a notice of nuisance hearings to be conducted by the Nye County Commissioners. At the conclusion of those hearings, the Commissioners declared the "Chicken House" a nuisance per se and ordered it abated.

On January 19, 1978, respondents commenced this action in the Fifth Judicial District Court seeking declaratory and injunctive relief. After careful consideration of the matter, the district court concluded that NRS 244.345 had repealed the common law rule that a house of prostitution was a nuisance. Accordingly, the court permanently enjoined appellants from abating respondents' house of prostitution as a nuisance per se. Appellants contend this was error. We disagree.

The thrust of appellants' argument is that *Cunningham* is controlling in the present case. In *Cunningham,* respondent sought to enjoin appellant from operating a house of prostitution within the city of Reno. Respondent alleged that appellant was in violation of both the common law, declaring prostitution illegal, as well as statutes proscribing the maintenance and

---

[1] NRS 244.360 provides, in pertinent part:

"1.   Whenever a written complaint is filed with the county clerk alleging the existence of a nuisance, as defined in NRS 40.140, within the county, the county clerk shall notify the board of county commissioners, who . . . shall . . . fix a date to hear the proof of the complainant. . . ."

NRS 40.140 provides in pertinent part:

"Anything which is injurious to health, or indecent and offensive to the senses . . . so as to interfere with the comfortable enjoyment of life or property, is a nuisance. . . ."

operation of a house of prostitution either within 400 yards of a school or church, or in any house fronting on a principal business street in any town in Nevada.[2] Appellant contended the subject statutes had repudiated the common law rule and, further, that the outlawing of houses of prostitution within 400 yards of a school or church or on the main street of a town necessarily implied that they were lawful in other areas. This court rejected appellant's argument, concluding the statutes had neither constructively nor impliedly repealed the common law and, thus, appellant's operation of a house of prostitution was properly enjoined.

Since our decision in *Cunningham,* NRS 244.345(8) was enacted.[3] This provision, when read in conjunction with NRS 244.345(1), manifests a statutory licensing scheme for houses of prostitution outside of incorporated cities and towns.[4] In our view, this licensing scheme is repugnant to and, by plain and necessary implication, repeals the common law rule that a house of prostitution constitutes a nuisance per se. *See* West Indies v. First Nat. Bank, 67 Nev. 13, 214 P.2d 144 (1950); Cunningham v. Washoe County, *supra. Cf.* NRS 1.030. Accordingly, the judgment is affirmed.

MOWBRAY, THOMPSON and MANOUKIAN, JJ., concur.

GUNDERSON, J., dissenting:

So far as I can see, by enacting NRS 244.345(8), the Legislature at most intended to permit commissioners in Nevada's less populated counties to determine, through licensing procedures,

---

[2]The pertinent statutes in *Cunningham* were NCL § 10193 and NCL § 10194.

NCL § 10193 provided, in pertinent part:

"It shall be unlawful for any . . . person to keep any house of ill-fame, or to . . . rent to any person whomsoever, for any length of time whatever, to be kept or used as a house of ill-fame, or resort for the purposes of prostitution, any house, room or structure situated within four hundred yards of any school house or . . . church. . . ."

NCL § 10194 provided, in pertinent part:

"It shall be unlawful for any . . . person to keep . . . or rent . . . any house fronting on the principal business street . . . of any of the towns of this state, for the purpose of prostitution. . . ."

[3]NRS 244.345(8) provides, in pertinent part:

"In any county having a population of 200,000 or more, . . . the license board shall not grant any license . . . for the purpose of operating a house of ill fame or repute or any other business employing any female for the purpose of prostitution."

[4]NRS 244.345(1) provides in pertinent part:

"Every person . . . wishing to engage in the business of conducting a . . . place of amusement, entertainment or recreation, outside of an incorporated city or incorporated town, shall:

"(a) Make application by petition to the license board. . . .

"(b) File the application with the required license fee with the county license collector. . . ."

that at a prescribed location and under defined conditions a house of prostitution will not necessarily impinge upon the general public as a nuisance.

Of course, purpose to repeal the common law should not be merely a matter of speculation. *Cf.* West Indies v. First Nat'l Bank, 67 Nev. 13, 214 P.2d 144 (1950). With all respect, I can perceive no intent in the new statute to vest unlicensed brothels with status more exalted than before.